Anthony Robert MARTIN–TRIGONA, Plaintiff-Appellant,

v.

Evan J. MORRIS and Catherine Morris, Defendants-Appellees.

No. 79–3242
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1980.

---

Fowler, White, Gillen, Boggs, Villareal & Banker, W. Donald Cox, Tampa, Fla., for plaintiff-appellant.

Kirk, Pinkerton, McClelland, Savary & Carr, Marjorie A. Schmoyer, Sarasota, Fla., for defendants-appellees.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Anthony Robert Martin-Trigona appeals from the judgment of the United States District Court for the Middle District of Florida dismissing his pro se complaint for failure to prosecute. Fed.R. Civ.P. 41(b). We affirm.

The appellant is a law school graduate and has passed the Illinois State Bar examination but he has apparently not been admitted to the Bar. He filed his complaint for money damages and injunctive relief on May 8, 1978. The appellees filed a motion to dismiss on various grounds on June 12, 1978. Ten months later and no response from the appellant having been filed, the district court on April 13, 1979, ordered the appellant to respond to the motion to dismiss. Instead of responding, the appellant moved for an extension of time. The district court denied the motion on May 1, 1979, and again ordered the appellant to respond within five days. There was no response; however, the appellant did retain counsel on the eve of the status conference set for July 2, 1979. Counsel appeared at the status conference whereupon the district court ordered him to enter a notice of appearance and respond to the motion to dismiss within ten days. After the conference, counsel was unable to reach the appellant because he was on vacation. Counsel

682

also learned that a case pending in the Illinois state courts similar in subject matter to this action had been decided against the appellant and he assumed appellant would abandon this suit. Consequently, counsel did not file a notice of appearance or response. On July 27, 1979, without further notice to the appellant, the district court dismissed the complaint with prejudice for failure to prosecute. Fed.R.Civ.P. 41(b).

Rule 41(b) states in part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion. *See Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). Nevertheless, the severe sanction of dismissal should be imposed "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). *See also Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980). Under these circumstances, we do not believe that the trial court abused its discretion in dismissing the complaint. The appellant failed to respond to the motion to dismiss for thirteen months after being ordered to do so three times: twice by written orders and once by oral direction to appellant's counsel. Appellant failed altogether to respond to the order of May 1 and since he represented himself at that time, this failure is attributable only to himself. *See Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979). Counsel's misunderstandings of the appellant's intentions were attributable in large part to the appellant's failure to acquaint counsel with the case and to make himself available for consultation. The dismissal, therefore, was not the result of counsel's dereliction but was the result of appellant's inattention to the case. In the words of the district court, "the dismissal of this case was not caused by any misunderstanding between counsel and client, but, rather, by plaintiff's personal inattention to this case." (R. at 64) There is a clear record of both delay and contumacious conduct by the appellant.

Appellant complains that he did not receive a notice to show cause why the complaint should not be dismissed for want of prosecution as required by local rule 3.10 of the United States District Court for the Middle District of Florida.[1] We find that there has been substantial compliance with the notice requirement of the local rule. Although the district court on July 27, 1979, dismissed the complaint without notice to the appellant, it retained jurisdiction of the case to determine the question whether appellees should recover attorney's fees. Thereafter, the appellant filed motions for rehearing and reconsideration of the dismissal and a motion for relief from judgment. The district court carefully considered these motions and entered a second, more detailed, order on October 4, 1979, confirming its previous order dismissing the complaint for want of prosecution. (R. 63–66) Therefore, the appellant had an opportunity to respond and to convince the court that dismissal with prejudice was inappropriate. Under these circumstances, there has been substantial compliance with local rule 3.10. *Cf. Link v. Wabash R.R.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389–1390, 8 L.Ed.2d 734 (1962) (availability of post-judgment corrective remedies renders lack of prior notice of dismissal of less consequence).

AFFIRMED.

---

1. Aside from this local rule, a trial court has the inherent power to dismiss a complaint for failure to prosecute *sua sponte* and without notice. *See Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2370 (1971).