**Raul LOYA, Plaintiff-Appellant,**

v.

**DESERT SANDS UNIFIED SCHOOL DISTRICT, A Governmental Agency & Harold Schoenfeld, Defendants-Appellees.**

No. 82–5939.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 9, 1983.

Submitted Oct. 5, 1983.

Decided Dec. 2, 1983.

Louis F. Flores, Gonzales, Mitchell & Flores, Napa, Cal., for plaintiff-appellant.

Joseph Arias, San Bernardino, Cal., for defendants-appellees.

Before SCHROEDER and CANBY, Circuit Judges, and HOFFMAN,* District Judge.

SCHROEDER, Circuit Judge.

Plaintiff-appellant Raul Loya is a teacher in the Desert Sands Unified School District in California. He sued the district and its superintendent, Harold Schoenfeld, alleging that he was denied promotions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* and also in violation of 42 U.S.C. § 1983. Just before expiration of the 90-day limitation period the plaintiff's lawyer had attempted to file the complaint, but on paper that was the wrong size as specified by a local rule, and the clerk refused to file it. The district court dismissed the Title VII claim as time barred. The section 1983 claim went to trial, and after an erroneous instruction that it was for the jury to decide whether the first amendment protected certain of the plaintiff's activities, the jury rendered a verdict for the defendant. We reverse both the dismissal of the Title VII claim and the judgment for the defendant on the section 1983 claim.

*Paper Size as a Jurisdictional Requirement*

■ A copy of plaintiff's complaint arrived at the office of the Clerk for the Central District of California on September 28, 1977, within the 90-day limitation period for filing private Title VII actions following receipt of a "right to sue" letter from the EEOC, 42 U.S.C. § 2000e–5(f)(1). The clerk refused to file the complaint, however, because it was typed on 8½ by 13 inch paper, in violation of Local Rule 4, which required 8½ by 11 inch paper. The larger size paper would have met the requirements of the local rules then in effect in California's other three districts, including the district in which plaintiff's counsel lived.[1]

By the time that a new copy of the complaint, typed on 8½ by 11 inch paper, arrived at the Clerk's Office, the 90-day statute of limitations had passed. We have held that this time period is jurisdictional. *Wong v. Bon Marche,* 508 F.2d 1249, 1250–51 (9th Cir.1975). Thus, because no complaint had been "filed" within the 90-day period, the district court dismissed the Title VII action as untimely.

This was error. A copy of the complaint arrived in the hands of the Clerk within the statutory period. To uphold the Clerk's rejection of it would elevate to the status of a jurisdictional requirement a local rule designed merely for the convenience of the court's own record keeping. While such interests are important, local rules to serve them should not be applied in a manner that defeats altogether a litigant's right to access to the court.

This conclusion is mandated by the language of the Federal Rules themselves. Rule 83 authorizes the promulgation of local rules so that the district courts may "regulate their practice in any manner not inconsistent with these rules." The purpose of Rule 83, according to Edgar Tolman, who was Secretary of the Advisory Committee on the Federal Rules of Civil Procedure when that Rule was written, was to allow district judges to solve local procedural problems left by the Federal Rules "in accordance with general principles of justice and common sense." A.B.A., Federal Rules of Civil Procedure, Proceedings of the Institute at Washington and of the Symposium at New York City 28, 128–29 (1938) (*quoted in* Note, *Rule 83 and the Local Federal Rules,* 67 *Columbia Law Review,* 1251, 1255 (1967)).

The district court's interpretation of this local rule as a jurisdictional requirement

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. The Judicial Conference of the United States adopted 8½ by 11 inch paper as the size to be used by the entire federal judiciary, effective January 1, 1983. 46 Fed.Reg. 60,864.

conflicts with Rule 1 of the Federal Rules of Civil Procedure, which provides that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." As Judge Wisdom eloquently stated in writing for the Fifth Circuit in a similar case, "the force of this first and greatest of the Rules should not be blunted by district courts' exaggerating the importance of local rules ... through inappropriate, over-rigorous sanctions." *Woodham v. American Cystoscope Co.,* 335 F.2d 551, 557 (5th Cir.1964). Local rules should not become a "series of traps for the free-of-fault plaintiff." *Id.* at 552. *See also Brown v. City of Meridian,* 356 F.2d 602 (5th Cir.1966) (local rule requiring duplicate copies of removal motion should not defeat the access of civil rights plaintiffs to federal court).

■ We therefore hold that for purposes of the statute of limitations the district court should regard as "filed" a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules. This result is wholly consistent with holdings of this and other courts that a clerk's refusal to "file" a complaint should not be controlling for purposes of the statute of limitations. Thus, in *Leggett v. Strickland,* 640 F.2d 774 (5th Cir.1981), the court stated that the standard for "filing" should be whether the complaint "was ever in the actual or constructive possession of the clerk," *id.* at 776, when it held that a complaint refused because of insufficient postage had not been in the actual or constructive possession of the clerk. This court has followed a similar standard in its holding that a notice of appeal, marked "filed" on a date which would have made it untimely, was nevertheless timely because it had "reached the custody of the clerk" within the time limit. *United States v.*

*Preston,* 352 F.2d 352, 353 n. 1 (9th Cir. 1965).

The Title VII claim must therefore be reinstated.

### Jury Instruction on Activities Protected by the First Amendment

Plaintiff's section 1983 claim was based in principal part upon his contention that the defendants failed to promote him because of activities which were protected by the first amendment. These activities were (1) plaintiff's participation in a "clap-in" at a speech by a political candidate; (2) remarks by plaintiff reported in newspapers to the effect that the school system was not meeting the needs of Mexican students; (3) a speech in which plaintiff remarked that the school board was not making efforts to recruit minority teachers; and (4) plaintiff's co-ownership and involvement in a bilingual newspaper. The record reflects that a significant disputed issue in the case was whether these activities were protected by the first amendment.

Under *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), and its progeny, the court must determine whether such activities are protected by balancing the teacher's interest in free speech against the interests of the state. The Supreme Court very recently has reaffirmed that this balancing test is a question of law, not fact. *Connick v. Meyers,* —— U.S. ——, 103 S.Ct. 1684, 1690 n. 7, 75 L.Ed.2d 708 (1983); *see also Nicholson v. Board of Education,* 682 F.2d 858, 865 n. 8 (9th Cir.1982); *Bernasconi v. Tempe Elementary School District No. 3,* 548 F.2d 857, 862 (9th Cir.1977), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977).

■ The difficulty in this case is that the district court's instructions left the balancing test to the jury.[2] This was error and

2. The following instruction was given:
   In order to prove plaintiff's claim regarding freedom of speech, the burden is upon the plaintiff to establish by a preponderance of the evidence in the case the following facts: First: that the defendant then and there, as alleged in the complaint, acted under color of some law of the state of California or ordinance or regulation of the County of Riverside;
   Second: that the motivating factor in defendant's decision not to recommend plaintiff for a promotion or not to promote plaintiff was plaintiff's comments or participation in matters of the public interest, *which were pro-*

requires reversal. The error cannot be regarded as non-prejudicial since we are persuaded that the activities in question, with the possible exception of the "clap-in," were protected. The record shows here, as in *Pickering*, that there was a "difference of opinion between [plaintiff] and the Board as to the preferable manner of operating the school system, a difference of opinion that clearly concerns an issue of general public interest." 391 U.S. at 571, 88 S.Ct. at 1736. Had the jury been properly instructed that at least some of plaintiff's activities were protected by the first amendment and that the issue for it to decide was whether his activities were a motivating factor in the denial of promotions, its finding might well have been different. *See Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Nicholson*, 682 F.2d at 864.

Plaintiff's objections to the instructions were adequate in the face of the court's imposition of limitations on the manner in which objections were to be placed on the record. *See Brown v. Avemco Investment Corp.*, 603 F.2d 1367 (9th Cir.1979) (when the trial court has rejected plaintiff's posted objection and is aware of the plaintiff's position, further objection by the plaintiff is unnecessary); *see also Stewart v. Ford Motor Co.*, 553 F.2d 130, 140 (D.C.Cir.1977). A new trial is required because of the error in the instruction on protected activity.

The plaintiff's remaining challenges to the adequacy of the instructions are without merit.

Reversed and remanded.

tected by the First Amendment of the United States Constitution;

Third: that the defendant's acts and conduct were the proximate cause of consequential damages to the plaintiff.

Defendant has every right to deny or cause to deny promotion to plaintiff for legitimate reasons. Under the First Amendment of the United States constitution, the plaintiff has the right to comment on matters of public interest. *This exercise of his right of freedom of speech may be lost, however, when plaintiff's action substantially impedes plaintiff's classroom duties or interferes with the regular operation of the schools generally.* TR at 541–42. (emphasis added).