Stephen Dale KELLER, James A. Boles, Harold F. Thompson, Charles A. Kendricks, John Douglas, Anthony Digaetano, Plaintiffs,

v.

CITY OF RENO, Robert V. Bradshaw, and Does 1–50, Defendants.

No. CV–R–83–348–ECR.

United States District Court, D. Nevada.

June 4, 1984.

Paul D. Elcano, Jr., Reno, Nev., for plaintiffs.

Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for City of Reno.

Richard W. Whitmore, Palo Alto, Cal., for Robert V. Bradshaw.

## ORDER

EDWARD C. REED, Jr., District Judge.

This civil rights complaint, brought under 42 U.S.C. § 1983, arises from a general assembly of the Reno Police Department held on December 3, 1982, during which defendant Bradshaw delivered an address in his capacity as Police Chief.

According to the defendants, defendant Bradshaw's address

brought to the department's attention certain disruptive behavior, which in the Chief's view constituted a serious threat to the efficiency and discipline of the department. This behavior consisted of

tampering with department equipment, theft of personnel property from the employees' locker room, excessive use of force against detainees, and circulation of a questionnaire among department personnel. Memorandum of Law in Support of Motion to Dismiss (Document # 8) at 1–2. The address characterized the distribution of the questionnaire as part of "an attempt to take over control of the organization," and as a "conspiracy to damage the reputation of the department, its administration, the city administration, and our very existence." Exh. A to Document # 8. Plaintiffs had organized the distribution of the questionnaire.

Plaintiffs' first claim for relief alleges that their first amendment rights were violated as a result of statements made by defendant Bradshaw during the assembly. They also allege, in essence, that the City of Reno made a policy decision to ratify defendant Bradshaw's conduct.

Plaintiffs' second and third claims for relief are pendent state law defamation claims which also incorporate their first amendment claims by reference. Their fourth claim for relief alleges that defendants acted maliciously, and that plaintiffs are thereby entitled to punitive damages.

Defendants filed motions to dismiss, and plaintiffs filed a motion for partial summary judgment. Because matters outside the pleadings have been presented, the Court will treat defendants' motions to dismiss as motions for summary judgment. Fed.R. Civ.P. 12(b); *see* Plaintiffs' Response (Document # 15) at 1; Defendants' Reply (Document # 21) at 2.

*Analysis*

*First Amendment Claim*

The interest of a public employee, as a citizen, in commenting on "matters of public concern," must be balanced against" the interest of the State, as an employer, in promoting the efficiency of the public service it performs through its employees and in preventing disruption of its operations. *Pickering v. Board of Education,* 391 U.S. 563, 568, 570–71, 88 S.Ct. 1731, 1734, 1735–36, 20 L.Ed.2d 811 (1968); *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983).[1] The balancing process is ultimately a legal question that this Court must resolve. *Connick, supra,* 103 S.Ct. at 1690 n. 7; *Loya v. Desert Sands Unified School Dist.,* 721 F.2d 279, 281 (9th Cir.1983). However, it will not be possible to evaluate the weight to be assigned to certain factors[2] (such as the government's interest in preventing disruption of its operations[3]) in the absence of initial factual determinations (such as whether defendant Bradshaw reasonably believed that disruption had occurred or would occur as a result of the plaintiffs' activities). Thus, any factual inquiries relating to the factors to be considered under *Pickering* and *Connick* should precede the actual balancing of those factors. *See Schneider v. City of Atlanta,* 628 F.2d 915, 919 n. 4 (5th Cir. 1980); *Kim v. Coppin State College,* 662 F.2d 1055, 1062 & 1064 (4th Cir.1981). The record does not indicate the absence of a genuine issue of material fact on these issues. It would therefore be premature in this case to conduct a *Pickering/Connick*

---

1. We reject plaintiffs' apparent suggestion (Document # 15 at 28) that their associational rights are not subject to balancing against the defendants' interest in efficient governmental operations under *Pickering* and *Connick. See Wilson v. Taylor,* 658 F.2d 1021, 1027 (5th Cir.1981). It is apparent to this Court that the unrestrained exercise of associational rights by public employees can have the same detrimental effect on governmental operations as can the unrestrained exercise of speech rights.

2. We need not at this time enumerate the factors that should be considered under *Pickering* and *Connick.* Neither case deemed it "appropriate or feasible to lay down a general standard by which ... statements [by public employees] may be judged." *Connick,* 103 S.Ct. at 1694.

3. *See id.* at 1693. The degree to which the questionnaire as a whole involved matters of public concern, also appears to be an important factor in this case. *See id.* at 1690–91 & 1693–94.

 

balancing test in the context of a motion for summary judgment.[4]

Defendants contend that no "objective action" has been taken against the plaintiffs. However, there is evidence indicating that the plaintiffs were required to sit in assigned seats at the general assembly while defendant Bradshaw delivered his address, and that other officers refused to sit near them or to associate with them after the assembly. *See* Affidavits of Charles Kendricks and John Douglas (Exhibits to Plaintiff's Response (Document #15)). Reading this evidence in the light most favorable to the party opposing the motion for summary judgment, it could conceivably be inferred that defendant Bradshaw decreed the seat assignments to enable those present at the general assembly to identify the plaintiffs as the parties responsible for the "attempt to take over control of the organization," and thereby to facilitate a halt to their activities through "peer recognition." Assuming, without deciding, that the circulation of the questionnaire was a protected activity under the first amendment, Bradshaw's conduct could be found to have been a form of retaliation for the exercise the plaintiffs' exercise of their right of free speech. For this reason, summary judgment is inappropriate on this issue.

*Defamation Claims*

Plaintiffs have attempted to state a pendent claim for defamation under state law. Therefore, if their first amendment claim fails, their pendent claim will most likely fail as well. Since we have concluded that summary judgment is inappropriate on the first amendment claim, it is also inappropriate on the pendent claim.

Similarly, plaintiffs contend that injury to their reputations may be compensable under a "stigma-plus" test. *See Marrero v. City of Hialeah*, 625 F.2d 499, 519 (5th Cir.1980). In *Marrero*, the court stated that to the extent that unconstitutional conduct causes injury to one's reputation, "the injury is compensable as an element of the damages flowing from the unlawful conduct." *Id.* at 514. Defendants have not challenged the applicability of this test. However, since this aspect of the defamation claims is also dependent on the validity of plaintiffs' first amendment claim, no basis exists for a grant of summary judgment in favor of either party on this issue.

Defendants contend that defendant Bradshaw's remarks were conditionally or qualifiedly privileged. A communication is conditionally or qualifiedly privileged if it is made in good faith on any subject in which the person has an interest, or in reference to which he has a duty, if the communication is made to one having a corresponding interest or duty. *Reynolds v. Arentz*, 119 F.Supp. 82, 87 (D.Nev.1954). In this case, if defendant Bradshaw's remarks were found to be made with the intent to retaliate against the plaintiffs' exercise of their first amendment rights, it is unlikely that a privilege would be found to be applicable.[5] Therefore, summary judgment cannot be granted on the basis of privilege.

IT IS, THEREFORE, HEREBY ORDERED that defendants' motions to dismiss (treated as motions for summary judgment) are denied.

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment is denied.

---

**4.** Although plaintiff has demanded a jury trial, we do not consider what role, if any, the jury should play in the resolution of these issues. We note that a jury may not balance the *Pickering/Connick* factors itself, since that is the ultimate legal issue which the Court must decide. *Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279, 281–82 (9th Cir.1983). *Cf. Kim v. Coppin State College*, 662 F.2d 1055, 1062 (4th Cir.1981): "[T]he extent of protection afforded by the first amendment to expression is ultimately a question of law for the courts, but ... the jury's function is to find the underlying facts to which the legal standard is ultimately applied."

**5.** The plaintiffs need not have been specifically named in the address if it is found that defendant Bradshaw's remarks could reasonably be understood as applying to them. *See* Restatement (Second) of Torts § 564 (1977).