Fredrick C. **LYONS**, Appellant,

v.

Lt. Jackie **GOODSON**, North Little Rock Police Dept., North Little Rock, AR, Appellee.

No. 85–2188.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided March 27, 1986.

Fredrick C. Lyons, pro se.

Michael J. Emerson, Asst. City Atty., North Little Rock, Ark., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Fredrick C. Lyons, an inmate of the Arkansas Department of Correction, appeals pro se and in forma pauperis from the district court's order dismissing his civil rights action as barred by the statute of limitations. We reverse and remand.

Lyons alleges that this action is based on events that occurred on July 21, 1982, and that the district court initially received his complaint on July 9, 1985. He says he submitted nine copies of the complaint, although his instructions were to provide eight copies. The district court (through the magistrate's office) returned the complaint to Lyons, along with an explanatory form letter dated July 12, 1985, indicating that two more copies were needed. Lyons states that he sent two more copies, that he received another form letter dated July 19

with the identical deficiency noted (two more copies needed), and that he then submitted two additional copies to the court.

On August 6, the magistrate issued an order granting Lyons permission to proceed in forma pauperis and directing that the complaint be filed and served. The defendant subsequently moved to dismiss the action and the district court, noting a filing date of August 6, dismissed the complaint as barred by the statute of limitations.

The determination of whether an action is barred by the statute of limitations encompasses two questions: (1) what limitations period applies, and (2) how is the running of that limitations period stopped? 2 Moore's Federal Practice ¶ 3.07[1] at 3–47.

As to the first question, the limitations period in an action under 42 U.S.C. § 1983 is the state statute of limitations for personal injury actions. *Wilson v. Garcia,* — U.S. —, 105 S.Ct. 1938, 1947, 1949, 85 L.Ed.2d 254 (1985). Thus, in Arkansas the applicable period is three years. ARK. STAT.ANN. § 37–206 (Repl.1962). *See Mason v. Sorrell,* 260 Ark. 27, 551 S.W.2d 184 (1976).

As to the second question, where a federal cause of action is involved, filing a complaint with the court commences the action pursuant to Rule 3 of the Federal Rules of Civil Procedure, *see Jackson v. Duke,* 259 F.2d 3, 6 (5th Cir.1958), and tolls the statute of limitations. *Mohler v. Miller,* 235 F.2d 153, 154–55 (6th Cir.1956).

 The real question in this case, however, is whether a complaint can be deemed "filed" when it does not comply with formal requirements in local rules. We concur with the position of the Ninth Circuit that a local rule should not be "elevate[d] to the status of a jurisdictional requirement" or "applied in a manner that defeats altogether a litigant's right to access to the court." *Loya v. Desert Sands Unified School District,* 721 F.2d 279, 280 (9th Cir.1983).

 We hold that, for purposes of the statute of limitations, a complaint is "filed" when it is lodged with the court even though it is technically deficient under local rules. We therefore conclude that Lyons filed his complaint before the limitations period expired.

Accordingly, we reverse and remand to the district court for further proceedings.