Diane RODGERS, on Behalf of Sharon JONES, a/k/a Sharon Rodgers, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services,* Defendant-Appellee.

No. 85–3592.

United States Court of Appeals, Eleventh Circuit.

June 10, 1986.

Homero Leon, Jr., Richard A. Culbertson, Orlando, Fla., for plaintiff-appellant.

Robert W. Merkle, U.S. Atty., Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., Claire S. Hoffman, Office of Gen. Counsel, Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

---

* Otis R. Bowen has succeeded Margaret M. Heckler, originally named as defendant-appellee in this case, as Secretary of Health and Human Services, and the court accordingly, on its own motion, substitutes him as party appellee. *See* Fed.R.App.P. 43(c)(1).

Before FAY and KRAVITCH, Circuit Judges, and HENLEY **, Senior Circuit Judge.

HENLEY, Senior Circuit Judge:

Diane Rodgers appeals from the dismissal of her action by the United States District Court for the Middle District of Florida for lack of jurisdiction, failure to state a claim upon which relief can be granted, and failure to prosecute pursuant to Fed.R. Civ.P. 41(b). We reverse and remand to the district court.

On October 26, 1984 the Appeals Council of the Social Security Administration issued the final decision of the Secretary of Health and Human Services denying child's insurance benefits to Diane Rodgers acting on behalf of Sharon Rodgers. On December 21, 1984 Rodgers filed a complaint with the district court seeking review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). Along with her complaint Rodgers also filed an application for leave to proceed in forma pauperis.

Rodgers' in forma pauperis application was denied on January 7, 1985. On February 12, 1985 Rodgers paid a filing fee of sixty dollars and the clerk issued a summons. Return of service was made on February 19, 1985. On May 29, 1985 the Secretary moved to dismiss Rodgers' action due to lack of jurisdiction, failure to state a claim upon which relief can be granted, and failure to prosecute pursuant to Fed.R. Civ.P. 41(b). The motion was accompanied by a supporting memorandum. Rodgers responded on June 10, 1985. On June 15, 1985 the district court, evidently relying on the Secretary's memorandum, granted the motion to dismiss. This appeal followed.

■ We first address the question whether Rodgers' action was properly dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted.[1] In answering this question we must discuss the timeliness of the commencement of Rodgers' action in the district court. Section 405(g) states in pertinent part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

One of the basic canons of statutory interpretation is that "[a]bsent a clearly expressed legislative intention to the contrary, [the language of the statute] must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). We find no expressed intent by Congress to give the word "commenced" any meaning other than that which it is given in Fed.R. Civ.P. 3. We therefore hold that an action is commenced within the meaning of § 405(g) when a complaint is filed with the court. *See* Fed.R.Civ.P. 3; *Howard v. Lockheed-Georgia Co.,* 742 F.2d 612, 613 (11th Cir.1984). *See also Lyons v. Goodson,* 787 F.2d 411, 412 (8th Cir.1986); *Loya v. Desert Sands Unified School District,* 721 F.2d 279, 281 (9th Cir.1983).

■ The Secretary argues that a complaint is not "filed" until the filing fee required by 28 U.S.C. § 1914 has been paid. We cannot agree. This circuit and others have long recognized that local rules should not be elevated to the status of jurisdictional requirements. *See Brown v. City of Meridian,* 356 F.2d 602, 606 (5th Cir.1966); *Woodham v. American Cysto-*

** Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. While the Secretary's motion to dismiss and supporting memorandum speak in conclusory terms of "failure to state a claim upon which relief can be granted," the case was presented both to the district court and to this court only on issues of timeliness and delay. Thus, to the extent that "failure to state a claim" goes to the merits of the case, we do not reach it here. It is open to the parties on remand to make such presentations on the merits as may then be appropriate.

*scope Co.,* 335 F.2d 551, 557 (5th Cir.1964).[2] *See also Lyons,* at 412; *Loya,* 721 F.2d at 280–81. While § 1914 is not merely a local rule, we expressly rejected the theory that timely payment of a filing fee is a jurisdictional requirement in *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544 (5th Cir. 1978).[3] In *Wrenn* we noted:

> The Supreme Court has held, with respect to 28 U.S.C.A. § 1917, that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. *Parissi v. Telechron, Inc.,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 46 (1955) (per curiam). We perceive no distinction between § 1917 and § 1914, which requires a filing fee for complaints, that would lead to a different conclusion here.

*Id.* at 547. We therefore hold that a complaint is "filed" for statute of limitations purposes when it is "in the actual or constructive possession of the clerk," *Leggett v. Strickland,* 640 F.2d 774, 776 (5th Cir. 1981), regardless of the untimely payment of the required filing fee. *See also Lyons,* at 412; *Loya,* 721 F.2d at 281.

Applying that principle to the present case, we find that Rodgers' action was commenced within the sixty-day limitation contained in § 405(g) by the filing of her complaint on December 21, 1984. Since Rodgers commenced her action on that date, the sixty-day limitation was thereafter permanently tolled. The district court had proper jurisdiction and Rodgers stated a claim upon which relief could be granted.

We next address the question whether Rodgers' action was properly dismissed for failure to prosecute under Fed.

R.Civ.P. 41(b). Rodgers' application to proceed in forma pauperis, filed with her complaint on December 21, 1984, was denied on January 7, 1985. Rodgers paid the required filing fee on February 12, 1985, and a summons was issued that day. The return of service, dated February 19, 1985, reflected that copies of the summons and complaint had been served, either by hand delivery or by certified mail, on all required parties pursuant to Fed.R.Civ.P. 4(d)(4) and (5).

We may only reverse the district court's decision to dismiss for failure to prosecute if we find an abuse of discretion. *See Dynes v. Army Air Force Exchange Service,* 720 F.2d 1495, 1499 (11th Cir.1983); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir.1983); *Martin-Trigona v. Morris,* 627 F.2d 680, 682 (5th Cir.1980). "Nevertheless, the severe sanction of dismissal should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Martin-Trigona,* 627 F.2d at 682 (quoting *Durham v. Florida East Coast Railway,* 385 F.2d 366, 368 (5th Cir.1967)). There must also be a finding that less severe sanctions would not suffice. *Jones,* 709 F.2d at 1458.

The Secretary argues that Rodgers' service of process was defective and untimely. We have already noted that the return of service reflected compliance with Fed.R. Civ.P. 4(d)(4) and (5). We find no other defects in the summons or the service. The return of service was dated February 19, 1985, slightly over two months after Rodgers' action was filed and slightly over one month after her application to proceed in forma pauperis was denied.[4] Service of

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**3.** In *Judkins v. Beech Aircraft Corp.,* 745 F.2d 1330, 1332 (11th Cir.1984), we recognized that the Supreme Court's decision in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), overruled that part of *Wrenn* holding that the filing of an EEOC right-to-sue letter with the court is suffi-

cient to commence an action for purposes of the ninety-day statute of limitations contained in 42 U.S.C. § 2000e–5(f)(1). That portion of *Wrenn* relevant to this case, however, was not affected by *Baldwin County.*

**4.** Fed.R.Civ.P. 4(c)(2)(B)(i) provides that service may be made by a United States marshal on behalf of a person proceeding in forma pauperis. It was therefore reasonable for service to have been delayed while Rodgers awaited a ruling on her application to proceed in forma pauperis.

process ordinarily is not untimely until one hundred twenty days after the filing of a complaint. Fed.R.Civ.P. 4(j). Service here was well within that time limit and did not amount to unreasonable delay or contumacious conduct by Rodgers.

The Secretary next contends that Rodgers' payment of her filing fee was untimely and constituted delay. We disagree. We can find no time limitation placed on Rodgers for paying her filing fee. Such a limitation could have been placed on her by the district court pursuant to local rule 4.07 of the United States District Court for the Middle District of Florida. This was not done. We do not feel that the interval of slightly over one month between the denial of Rodgers' application to proceed in forma pauperis and the payment of her filing fee constituted delay or contumacious conduct. Indeed, a poor person who is not quite poor enough to proceed in forma pauperis may not be able to raise the filing fee immediately after an application to proceed in forma pauperis is denied. Some delay in such a case is understandable and precipitous dismissal under Fed.R.Civ.P. 41(b) could deny that poor person access to the courts.

In the absence of prior resort to less severe sanctions which were available, we conclude that the district court abused its discretion in dismissing Rodgers' action. Accordingly, the judgment of dismissal is REVERSED and the cause REMANDED to the district court for further proceedings not inconsistent with this opinion.