21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda TAYLOR, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF AIR FORCE, et al., Defendant-Appellees.
 No. 92-16197.
 United States Court of Appeals, Ninth Circuit.
 Argued Jan. 13, 1994.
Submitted Jan. 24, 1994.
Decided April 1, 1994.
 
 1
 Before: SCHROEDER and NOONAN, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Pro se appellant, Brenda Taylor, brings this civil rights action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. (Title VII) against appellees, Secretary, Department of Air Force (Air Force), and General Pete Kempf. She alleges that she was subjected to numerous acts of sexual harassment and retaliation while working for the Air Force. The district court granted appellees' motion to dismiss on the ground that appellant had failed to file her complaint within the statutory time limit. We conclude that the district court erred when it dismissed the case without the benefit of a fully developed factual record. Accordingly, we reverse and remand.
 
 DISCUSSION
 
 4
 Before commencing this action, appellant unsuccessfully pursued her claims against the Air Force in administrative proceedings before the Equal Employment Opportunity Commission (EEOC). On June 3, 1991, appellant received notice of the EEOC's final decision on her discrimination complaint. The EEOC notification informed appellant that she had 30 days in which to file a civil action. Appellant thereafter filed her complaint in the district court.
 
 
 5
 The main issue presented on appeal is whether appellant's complaint was timely filed. The district court found that the complaint was not filed by the clerk of the court until July 17, 1991, two weeks after the expiration of the 30-day filing period established by Title VII. See 42 U.S.C. Sec. 2000e-16(c). Appellant claims that she sent the complaint and other pleadings to the district court via certified mail on June 27, 1991, that the papers were received on July 1, but that the complaint was erroneously returned to her on July 2 without having been filed. In support, she submits a certified mail receipt reflecting a June 27 mailing to the district court and a receipt for photocopying expenses in the amount of $6.48, also dated June 27.
 
 
 6
 The district court record confirms that appellant mailed documents to the clerk of the court in late June 1991. The record contains an affidavit, dated June 27, 1991, in which appellant requested permission to proceed in forma pauperis. The affidavit was accompanied by a certificate of service certifying that "a copy of the foregoing complaint" had been served on the Air Force and General Kempf, appellees herein. The court received the affidavit on July 1, 1991, and responded by sending appellant the appropriate application form for requesting in forma pauperis status.
 
 
 7
 We conclude that the question of when the complaint was filed cannot be settled simply by resorting to the clerk's record, as the district court attempted to do. The receipts and other evidence submitted by appellant raise the possibility that the district court clerk received the complaint on July 1, 1991, but failed to file it at that time. For example, the certificate of service filed with appellant's in forma pauperis affidavit makes specific reference to an accompanying complaint. In addition, it seems improbable that appellant would have spent more than six dollars making photocopies of her one-page affidavit and certificate of service, unless she had also made duplicates of her 13-page complaint. If the Clerk's Office did, in fact, receive appellant's complaint on July 1, 1991, it must be considered timely. Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir.1983) (Title VII complaint deemed "filed" on date received by Clerk's Office, even though complaint was returned by Clerk for plaintiff's failure to comply with paper size requirements specified by local rule). Under the circumstances, therefore, there are factual issues that must be resolved before determining whether appellant successfully complied with Title VII's filing requirements.
 
 
 8
 Based on the foregoing, we reverse the judgment of dismissal and remand for further proceedings. On remand, the district court shall conduct an evidentiary hearing and make factual findings to determine whether the complaint was timely submitted for filing.
 
 
 9
 We note that appellant also assigns as error the district court's refusal to permit equitable tolling of the Title VII limitations period and its failure to apply the 90-day limitations period required by the Civil Rights Act of 1991, which took effect on November 21, 1991. See Pub.L. No. 102-166, 105 Stat. 1071 (1991). In view of our decision to remand the case, we need not address appellant's additional arguments.
 
 CONCLUSION
 
 10
 The judgment of the district court is reversed. The case is remanded for further proceedings in accordance with this opinion.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3