59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rickke Leon GREEN, Plaintiff-Appellant,
v.
David BUSHA, Correctional Officer; William James,
Correctional Officer; Dennis Branch, Correctional Officer;
Danny Nace, Security Major; Bobby Boone, Deputy Warden;
James Saffle, Warden; Tom Lovelace, Chief of Security;
Gary Parsons, Associate Director; Gary Maynard, Director,
Defendants-Appellees.
 No. 92-7111.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before MOORE, LOGAN, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the grant of summary judgment in favor of defendants in this prison civil rights/tort suit filed under 42 U.S.C.1983 and state law. Plaintiff's claims fall into three general categories: use of excessive force by prison officers; deliberate indifference to medical needs and other inadequate conditions of confinement; and superiors' failure to train, supervise, and control the officers involved. The district court held the first claim barred under the applicable statute of limitations, and ruled defendants were entitled to judgment as a matter of law on the merits of the remaining claims. We review these determinations de novo under the same standard employed by the district court, i.e., Fed.R.Civ.P. 56(c), James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994), and affirm for the reasons that follow.[2]
 
 Excessive Force--Statute of Limitations
 
 3
 Plaintiff concedes that his 1983 claim for excessive force is governed by the two-year statute of limitations in Okla. Stat. tit. 12, 95(3).[3] See Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988). He also does not dispute that, with respect to his excessive force claim, this time period expired on June 2, 1990, nearly four weeks before this action officially commenced with the filing of the complaint and the grant of in forma pauperis status therefor on June 29, 1990. Rather, plaintiff contends this case should have commenced on June 1, 1990, the date he submitted his initial, defective pleading, pursuant to the principle of "constructive filing" under which a corrected pleading may be deemed filed as of the date a technically defective antecedent was submitted to the clerk. See, e.g., Gilardi v. Schroeder, 833 F.2d 1226, 1233 (7th Cir.1987); Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir.1986); Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 281 (9th Cir.1983).
 
 
 4
 This court recently considered the subject of constructive filing in Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256 (10th Cir.), cert. denied, 115 S.Ct. 368 (1994). That decision identifies two distinct variants of the principle: one (invoked here) involving the relation back of corrected pleadings, see id. at 258 & n. 2, and the other (suggested by the facts though not specifically raised) permitting an indigent pleading accompanied by the requisite motion for in forma pauperis (IFP) status--which is not officially filed until IFP status is granted--to relate back to the date of submission for limitations purposes, see id. at 259. Neither variant of the constructive filing principle is applicable to this case.
 
 
 5
 With respect to the first version, Jarrett draws a distinction that limits its scope in terms that are immediately relevant to the present case. Specifically, Jarrett points out that decisions giving effect to the initial submission date of deficient but later corrected pleadings "have involved such matters as paper length and failure to punch holes in the complaint or to include a copy of the civil cover sheet[,]" i.e., noncompliance with "formal" local rule requirements that are of a "trivial nature," id. at 258 n. 2 (citations omitted), and refused to apply the principle to the more important matter of timely payment of filing fees, id. at 258-59. Here, the complaint was returned for failure to comply with a court order specifically directed to plaintiff and purposefully designed to curb his demonstrated propensity for abusive litigation.[4] In our view, it would be inappropriate after Jarrett to apply the first version of the constructive filing principle in such circumstances.
 
 
 6
 The second variant of the principle, which essentially ascribes a "tolling" effect to IFP motions, is well-established but equally inapplicable in this case. The sole purpose of the "legal fiction" involved is to place an indigent plaintiff in the same position as any other litigant, i.e., to ensure that the filing date of his (otherwise proper) pleading is not adversely affected by the prerequisite consideration of its accompanying IFP motion. Id. at 259. The principle is not intended to afford an indigent plaintiff the peculiar privilege--unavailable to his paying counterpart--of securing a favorable filing date with a (nontrivially) defective pleading simply by submitting it with an IFP motion. Thus, even assuming plaintiff submitted such a motion with his initial complaint, the "tolling" effect of that motion would have been confined to the ineffective pleading with which it was associated; it would not have reached beyond its own context to somehow save the later complaint from timeliness objections. Accordingly, the only IFP motion with any tolling consequences for the second complaint was the one submitted with it on June 29, 1990, the date on which the district court properly deemed this action commenced.
 
 Summary Judgment on Remaining Claims
 
 7
 The district court rejected plaintiff's remaining claims for lack of evidence sufficient to create a triable issue of liability. Upon our review of the record, we agree with the district court's assessment of the case.
 
 
 8
 The daily prison logs submitted by defendants show that plaintiff was denied meals only when his deliberate noncompliance with institutional safety precautions necessitated. Moreover, prison medical records indicate that whenever plaintiff requested medical care in the pertinent time period,[5] it was timely offered but perfunctorily rejected by plaintiff as a result of his long-standing refusal to submit to leg irons, a standard requirement in the disciplinary unit where he was housed. This evidence, which undercuts plaintiff's claims of unconstitutional conduct, shifted the burden to plaintiff to "set forth specific facts" sufficient to raise a genuine issue for trial. John Hancock Mutual Life Ins. Co. v. Weisman, 27 F.3d 500, 503 (10th Cir.1994). This he did not do. The general allegations in the verified complaint are not responsive to the particularized facts subsequently developed by defendants, see generally Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89 (1990); Conaway v. Smith, 853 F.2d 789, 793 (10th Cir.1988), and the affidavits plaintiff did later submit address only the time-barred events of June 2, 1988. Further, plaintiff's broad objection that he was not afforded an adequate opportunity to oppose summary judgment is belied by the record and unsubstantiated by any particularized showing of prejudice.
 
 Additional Matters
 
 9
 Plaintiff argues that a supplemental complaint, submitted with a motion for leave to amend filed on August 17, 1992, constituted the controlling statement of his cause of action and that the district court's analysis of the case based on the existing pleadings was therefore improper. However, an amended pleading has no such effect unless and until it is filed pursuant to court order, and the district court did not grant plaintiff's motion for leave to amend.
 
 
 10
 We acknowledge that the district court only impliedly denied the motion, but we do not believe a remand for explicit consideration is appropriate. The amended complaint seeks redress for an entirely unrelated incident involving different prison employees and occurring nearly four years after the events underlying this case. Plaintiff's attempt at amendment--two years into the case and within days of the district court's adoption of the magistrate judge's dispositive recommendation issued some two months earlier--was nothing more than a belated, patently inappropriate effort to forestall the proper conclusion of this case. Cf. Franks v. Nimmo, 796 F.2d 1230, 1238 n. 4 (10th Cir.1986). Moreover, plaintiff did not give the district court a chance to correct its apparent oversight by filing a post-judgment motion objecting to the tacit rejection of the proffered amendment. Under the circumstances, we do not deem it necessary or appropriate to demand a formalistic recitation by the district court of the obvious reasons precluding amendment.
 
 
 11
 Plaintiff also objects to the denial of his motion to recuse the district court judge. Upon review of plaintiff's supporting materials and the district court's order, we affirm the denial of the motion for substantially the reasons stated by the district court.
 
 
 12
 Finally, we deny all outstanding motions on appeal.[6] We have, however, considered the supplemental legal authority submitted by plaintiff, which has not altered our analysis and disposition of the issues raised by this case.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. All outstanding motions are DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 While plaintiff raises numerous arguments in his pro se appellate brief, we expressly address only those that warrant comment. All others have been considered and rejected
 
 
 [3]
 We note that plaintiff's associated state claims are evidently governed by equal or shorter periods of limitations. See Okla. Stat. tit. 12, 95(3), (4). In any event, plaintiff has not raised any issues on appeal regarding these claims
 
 
 [4]
 Plaintiff attempts now to raise a number of objections to that order, entered in Green v. Meachum, Dist. Ct. No. 86-505-C (E.D. Okla. Mar. 24, 1987), aff'd, No. 87-1480 (10th Cir. Aug. 8, 1988). Even if the order were subject to a collateral challenge on the sort of grounds suggested (something we need not decide), no such challenge was ever pled in this case
 
 
 [5]
 For reasons obvious from our discussion of the limitations issue, we do not consider plaintiff's allegations with respect to the denial of medical care immediately following his alleged beating on June 2, 1988
 
 
 [6]
 One of these, an "Application for Disqualification of all 10th Circuit Judges [and] Inter-circuit Transfer," was filed simultaneously in several proceedings before this court. Indeed, this same panel has already addressed the matter at length and denied the application in Green v. Franklin, No. 92-7089 (10th Cir. June 17, 1994). For the reasons stated therein, we once again refuse to recuse. Just as in Franklin, no member of the panel (or this court) is a party to the case before us. Cf. Green v. Seymour, No. 92-5207 (10th Cir. Jan. 10, 1995)(all active and senior judges recused where ten judges of circuit were named defendants)