# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1542

_____

Bradley E. Stark,                    *
                                     *
            Appellant,               *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    District of Minnesota.
Right Management Consultants,        *
                                     *    [UNPUBLISHED]
            Appellee.                *

_____

Submitted: May 18, 2007
Filed: August 21, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Bradley E. Stark appeals the district court's[1] dismissal as untimely of his Title VII suit against Right Management Consultants. We affirm.

To be timely, Stark's suit had to be filed within ninety days after he received a right-to-sue letter from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1). Neither party disputes that Stark attempted to file his

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

complaint electronically with the district court at 11:27 p.m. on May 23, 2005, the ninetieth day after he received his right-to-sue letter. On May 24, court staff informed Stark that his case could not be docketed until he paid the filing fee or submitted an in forma pauperis application. On May 26, Stark mailed the filing fee next-day delivery; the case was docketed on May 27.

The district court concluded that, under the court's local rules, Stark's complaint was not deemed filed on May 23 because he did not include the filing fee. The court concluded further that, even if Stark had included the fee on that date, the complaint still would not have been deemed filed on May 23 because it was filed at 11:27 p.m. whereas the court's local rules require that new cases which are filed electronically must be filed between 8:00 a.m. and 5:00 p.m. central standard time on regular business days. See District of Minnesota Local Rule 5.1; Civil Electronic Case Filing Procedures § II.A.2.d.

We need not decide whether Stark's complaint was improperly filed due only to his failure to include the filing fee because, even if he had included it, we conclude that the district court did not abuse its discretion by deeming Stark's complaint untimely under its Local Rule 5.1. See Fed. R. Civ. P. 5(e) (paper filed by electronic means in compliance with local rule constitutes written paper for purpose of applying federal rules); Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (standard of review); Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 426 (8th Cir. 1997) (local rules have force of law and parties are charged with their knowledge).

Federal Rule of Civil Procedure 5(e) prohibits the clerk from refusing to file a paper "solely because it is not presented in proper form as required by these rules or any local rules or practices." Likewise, Federal Rule of Civil Procedure 83(a)(2) provides that "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply

with the requirement." As such, we have recognized that "local rule[s] should not be 'elevate[d] to the status of a jurisdictional requirement,'" and accordingly stated that "a complaint is 'filed' when it is lodged with the court even though it is technically deficient under local rules." Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir. 1986) (per curiam) (quoting Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280 (9th Cir. 1983)). Lyons applied this rule to a complaint that was timely filed but was submitted with the incorrect number of copies as established by the local rules. Id. at 411. Likewise, the complaint in Loya was also timely but submitted on paper measuring two inches longer than required under the local rules. 721 F.2d at 280. Unlike the deficiencies of form in those cases, the deficiency of Stark's complaint was the timeliness of its filing. We are aware of no case in this circuit that holds that timeliness is a "matter of form" contemplated by the Federal Rules of Civil Procedure or a "technical[] deficien[cy]" under Lyons. As such, we are unwilling to hold that the district court abused its discretion by applying its local rules to hold that, even if Stark had included the filing fee, his complaint was untimely because he did not file it before 5:00 p.m., as required by Local Rule 5.1, on May 23.

We also disagree with Stark that the local rules at issue conflict with federal rules, see Fed. R. Civ. P. 83(a) (local rules may not conflict with Federal Rules of Civil Procedure); and we agree with the district court that equitable tolling does not apply here, see Pecoraro v. Diocese of Rapid City, 435 F.3d 870, 875 (8th Cir. 2006) (equitable tolling reserved for circumstances truly beyond plaintiff's control and where party acts diligently).

Accordingly, we affirm.

SMITH, Circuit Judge, dissenting.

I respectfully dissent because I conclude that Stark's lawsuit "commenced" at 11:27 p.m. on May 23, 2005, the ninetieth day after he received his right-to-sue letter.

Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is *commenced* by *filing a complaint* with the court." (Emphasis added). "[A]n action may be deemed commenced when a complaint is delivered to the Clerk *even without payment of a filing fee. . . .*" *Cleek v. United States*, No. 94-73 CIV-OC-10, 1996 WL 172206, at *1 (M.D. Fla. Jan. 31, 1996) (citing *Rodgers v. Bowen*, 790 F.2d 1550 (11th Cir. 1986)).

The Eleventh Circuit's decision in *Rodgers* is analogous to the present case. In *Rodgers*, the court had to determine "the timeliness of the commencement of the [appellant's] action in the district court" pursuant to 42 U.S.C. § 405(g). 790 F.2d at 1551. According to § 405(g), an individual, "after any final decision of the Secretary made after a hearing to which he was a party," could obtain review of that decision "by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further times as the Secretary may allow." *Id.* (emphasis added). The court "f[oun]d no expressed intent by Congress to give the word 'commenced' any meaning other than that which it is given in Fed. R. Civ. P. 3." *Id.* Therefore, the court held that an action is commenced under § 405(g) when " a complaint is filed with the court." The court then rejected the Secretary's argument that "a complaint is not 'filed' until the filing fee required by 28 U.S.C. § 1914 has been paid," explaining that "[t]his circuit and others have long recognized that local rules should not be elevated to the status of jurisdictional requirements." *Id.* at 1551–52 (citing *Brown v. City of Meridian*, 356 F.2d 602, 606 (5th Cir. 1966); *Woodham v. Am. Cystoscope Co.*, 335 F.2d 551, 557 (5th Cir. 1964); *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280–81 (9th Cir. 1983)). While the court acknowledged that § 1914 "is not merely a local rule," it "expressly rejected the theory that timely payment of a filing fee is a jurisdictional requirement. . . ." *Id.* at 1552. Accordingly, the court held that the appellant's action "commenced" within the 60-day limitation contained in § 405(g) when she filed her complaint. *Id.*

Thus, applying the rationale of *Rodgers* to the present case, Stark's lawsuit is not time-barred because it "commenced" within the 90-day period after his receipt of the EEOC Dismissal and Notice of Rights letter when he electronically filed his complaint on the evening of May 23, 2005, despite his failure to pay his filing fee until May 26, 2005.

Furthermore, even though the Local Rule 5.1 requires that new cases that are filed electronically must be filed between 8:00 a.m. and 5:00 p.m. central standard time, and Stark submitted his complaint past this deadline, we have permitted a complaint to be deemed "filed" even though it did not "comply with formal requirements in local rules." *See Lyons*, 787 F.2d at 412. In *Lyons*, we agreed with the Ninth Circuit "that a local rule should not be 'elevate[d] to the status of a jurisdictional requirement' or "applied in a manner that defeats altogether a litigant's right to access to the court.'" *Id*. (quoting *Loya*, 721 F.2d at 280) (alteration in *Lyons*). Thus, we held that, "for purposes of the statute of limitations, a complaint is 'filed' when it is lodged with the court even though it is technically deficient under the local rules." *Id*.

Accordingly, I would reverse the judgment of the district court.

_____