PER CURIAM.
Bradley E. Stark appeals the district court’s[1] dismissal as untimely of his Title VII suit against Right Management Consultants. We affirm.
To be timely, Stark’s suit had to be filed within ninety days after he received a right-to-sue letter from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1). Neither party disputes that Stark attempted to file his complaint electronically with the district court at 11:27 p.m. on May 23, 2005, the ninetieth day after he received his right-to-sue letter. On May 24, court staff informed Stark that his case could not be docketed until he paid the filing fee or submitted an in forma pauperis application. On May 26, Stark mailed the filing fee next-day delivery; the case was docketed on May 27.
The district court concluded that, under the court’s local rules, Stark’s complaint was not deemed filed on May 23 because *856 he did not include the filing fee. The court concluded further that, even if Stark had included the fee on that date, the complaint still would not have been deemed filed on May 23 because it was filed at 11:27 p.m. whereas the court’s local rules require that new cases which are filed electronically must be filed between 8:00 a.m. and 5:00 p.m. central standard time on regular business days. See District of Minnesota Local Rule 5.1; Civil Electronic Case Filing Procedures § II.A.2.d.
We need not decide whether Stark’s complaint was improperly filed due only to his failure to include the filing fee because, even if he had included it, we conclude that the district court did not abuse its discretion by deeming Stark’s complaint untimely under its Local Rule 5.1. See Fed. R.Civ.P. 5(e) (paper filed by electronic means in compliance with local rule constitutes written paper for purpose of applying federal rules); Nw. Bank & Trust Co. v. First III. Nat’l Bank, 354 F.3d 721, 725 (8th Cir.2003) (standard of review); Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 426 (8th Cir.1997) (local rules have force of law and parties are charged with their knowledge).
Federal Rule of Civil Procedure 5(e) prohibits the clerk from refusing to file a paper “solely because it is not presented in proper form as required by these rules or any local rules or practices.” Likewise, Federal Rule of Civil Procedure 83(a)(2) provides that “[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.” As such, we have recognized that “local rule[s] should not be ‘elevate[d] to the status of a jurisdictional requirement,’ ” and accordingly stated that “a complaint is ‘filed’ when it is lodged with the court even though it is technically deficient under local rules.” Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir.1986) (per curiam) (quoting Loya v. Desert Sands Unified Sch. Disk, 721 F.2d 279, 280 (9th Cir.1983)). Lyons applied this rule to a complaint that was timely filed but was submitted with the incorrect number of copies as established by the local rules. Id. at 411. Likewise, the complaint in Loya was also timely but submitted on paper measuring two inches longer than required under the local rules. 721 F.2d at 280. Unlike the deficiencies of form in those cases, the deficiency of Stark’s complaint was the timeliness of its filing. We are aware of no case in this circuit that holds that timeliness is a “matter of form” contemplated by the Federal Rules of Civil Procedure or a “technical] deficien[cy]” under Lyons. As such, we are unwilling to hold that the district court abused its discretion by applying its local rules to hold that, even if Stark had included the filing fee, his complaint was untimely because he did not file it before 5:00 p.m., as required by Local Rule 5.1, on May 23. .
We also disagree with Stark that the local rules at issue conflict with federal rules, see Fed.R.Civ.P. 83(a) (local rules may not conflict with Federal Rules of Civil Procedure); and we agree with the district court that equitable tolling does not apply here, see Pecoraro v. Diocese of Rapid City, 435 F.3d 870, 875 (8th Cir.2006) (equitable tolling reserved for circumstances truly beyond plaintiffs control and where party acts diligently).
Accordingly, we affirm.

. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.