SMITH, Circuit Judge,
dissenting.
I respectfully dissent because I conclude that Stark’s lawsuit “commenced” at 11:27 p.m. on May 23, 2005, the ninetieth day after he received his right-to-sue letter.
Rule 3 of the Federal Rules of Civil Procedure states that “[a] civil action is commenced by filing a complaint with the *857 court.” (Emphasis added). “[A]n action may be deemed commenced when a complaint is delivered to the Clerk even without payment of a filing fee....” Cleek v. United States, No. 94-78 CIV-OC-10, 1996 WL 172206, at *1 (M.D.Fla. Jan.31, 1996) (citing Rodgers v. Bowen, 790 F.2d 1550 (11th Cir.1986)).
The Eleventh Circuit’s decision in Rodgers is analogous to the present case. In Rodgers, the court had to determine “the timeliness of the commencement of the [appellant’s] action in the district court” pursuant to 42 U.S.C. § 405(g). 790 F.2d at 1551. According to § 405(g), an individual, “after any final decision of the Secretary made after a hearing to which he was a party,” could obtain review of that decision “by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further times as the Secretary may allow.” Id. (emphasis added). The court “f[oun]d no expressed intent by Congress to give the word ‘commenced’ any meaning other than that which it is given in Fed.R.Civ.P. 3.” Id. Therefore, the court held that an action is commenced under § 405(g) when “a complaint is filed with the court.” The court then rejected the Secretary’s argument that “a complaint is not ‘filed’ until the filing fee required by 28 U.S.C. § 1914 has been paid,” explaining that “[t]his circuit and others have long recognized that local rules should not be elevated to the status of jurisdictional requirements.” Id. at 1551-52 (citing Brown v. City of Meridian, 356 F.2d 602, 606 (5th Cir.1966); Woodham v. Am. Cystoscope Co., 335 F.2d 551, 557 (5th Cir.1964); Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir.1986); Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir.1983)). While the court acknowledged that § 1914 “is not merely a local rule,” it “expressly rejected the theory that timely payment of a filing fee is a jurisdictional requirement....” Id. at 1552. Accordingly, the court held that the appellant’s action “commenced” within the 60-day limitation contained in § 405(g) when she filed her complaint. Id.
Thus, applying the rationale of Rodgers to the present case, Stark’s lawsuit is not time-barred because it “commenced” within the 90-day period after his receipt of the EEOC Dismissal and Notice of Rights letter when he electronically filed his complaint on the evening of May 23, 2005, despite his failure to pay his filing fee until May 26, 2005.
Furthermore, even though the Local Rule 5.1 requires that new cases that are filed electronically must be filed between 8:00 a.m. and 5:00 p.m. central standard time, and Stark submitted his complaint past this deadline, we have permitted a complaint to be deemed “filed” even though it did not “comply with formal requirements in local rules.” See Lyons, 787 F.2d at 412. In Lyons, we agreed with the Ninth Circuit “that a local rule should not be ‘elevate[d] to the status of a jurisdictional requirement’ or applied in a manner that defeats altogether a litigant’s right to access to the court.’ ” Id. (quoting Loya, 721 F.2d at 280) (alteration in Lyons). Thus, we held that, “for purposes of the statute of limitations, a complaint is ‘filed’ when it is lodged with the court even though it is technically deficient under the local rules.” Id.
Accordingly, I would reverse the judgment of the district court.