**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THOMAS KLEMM,

*Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

*Defendant-Appellee.*

No. 06-16981

D.C. No.
CV 04-2140 DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Argued and Submitted
June 13, 2008—San Francisco, California

Filed September 16, 2008

Before: A. Wallace Tashima, M. Margaret McKeown, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Tashima

## COUNSEL

Ian M. Sammis, San Rafael, California, for the plaintiff-appellant.

Deborah Lee Stachel, Special Assistant United States Attorney, San Francisco, California, for the defendant-appellee.

## OPINION

TASHIMA, Circuit Judge:

Appellee Commissioner of the Social Security Administration ("Commissioner") denied Appellant Thomas Klemm's motion to reopen an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Klemm subsequently filed a complaint with the District Court, which the District Court dismissed for lack of subject matter jurisdiction. On appeal, we confront two jurisdictional questions: whether Klemm's appeal was timely and whether the District Court erred by concluding that it lacked subject matter jurisdiction. We have jurisdiction to determine our own jurisdiction, *Ramadan v. Gonzales*, 479 F.3d 646, 649 (9th Cir. 2007) (per curiam), and hold that Klemm's notice of appeal, though

deficient, was timely filed. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we further hold that Klemm failed to state a colorable constitutional claim and affirm the district court.

I.

Klemm filed an application for DIB on October 23, 1996, alleging disability due to constant pain from a "bad back and both knees" with an onset date of October 1, 1992. The Commissioner denied Klemm's application on December 7, 1996, in a letter that also informed Klemm of the appeal procedure. Klemm did not appeal.

Klemm filed a second application for DIB and an application for Supplemental Security Income under Title XVI of the Social Security Act on April 12, 2002. In this application, Klemm again alleged a disability onset date of October 1, 1992. The application was denied initially and on reconsideration. Klemm timely requested a hearing and, in April 2003, asked the Administrative Law Judge ("ALJ") to reopen the 1996 denial of benefits.

The ALJ denied Klemm's motion to reopen as untimely, finding "no evidence in the record that the claimant lacked the mental capacity to timely request review of the prior adverse determination." Thus, the ALJ determined that *res judicata* applied to Klemm's request for benefits from October 1, 1992, to December 7, 1996, the date of the initial denial. As to the remainder of Klemm's application, the ALJ determined that Klemm was disabled due to obesity, sleep apnea, and degenerative arthritis in the knee with an onset date of December 8, 1996. The Appeals Council affirmed.

Klemm then commenced this action, in which he filed a motion for summary judgment arguing, in part, that he "lacked the mental capacity to timely request review" of the December 7, 1996, denial of benefits. The Commissioner

filed a motion to dismiss for lack of subject matter jurisdiction, which the district court granted. Klemm then filed a motion to alter or amend the judgment, Fed. R. Civ. P. 59(e), which the district court denied on August 14, 2006.

On October 10, 2006, Klemm's notice of appeal arrived by mail in the Office of the Clerk for the Eastern District of California. The notice of appeal was accompanied by a check for the filing fee, but the check was postdated to October 12, 2006. The Clerk rejected the notice and mailed it and the check back to Klemm's counsel. An accompanying deficiency notice read: "The check was postdated to 10/12/06. We are also an electronic filing court — this appeal should be filed online." Klemm filed an electronic notice of appeal on October 16, 2006.

## II.

[1] We must first determine whether we have jurisdiction over Klemm's appeal. Because an agency of the United States is a party, the notice of appeal was required to be filed within sixty days after the entry of final judgment. Fed. R. App. P. 4(a)(1)(B). This time constraint is "both mandatory and jurisdictional." *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007). For this court to have jurisdiction over this appeal, Klemm must have filed his notice of appeal on or prior to October 13, 2006, sixty days after the denial of his motion to alter or amend the judgment.

The Commissioner contends that Klemm's notice of appeal was filed on October 16, 2006, when Klemm electronically filed the notice with the proper payment, in conformance with the local rules. The Commissioner further contends that the Clerk properly rejected the October 10, 2006, notice of appeal because the accompanying filing fee check was postdated and

the notice was filed by mail rather than electronically, as required by local rule.[1]

Klemm concedes that his October 10, 2006, notice of appeal was not filed electronically, as the local rules require, and that he attempted to pay the filing fee with a postdated check. Nonetheless, he contends that the notice was filed on October 10, 2006, because the Clerk physically received the notice of appeal on that date. We agree.

**[2]** As a general rule, a notice of appeal is considered filed at the time the clerk receives the document. *Houston v. Lack*, 487 U.S. 266, 274 (1988) (collecting cases); *Aldabe v. Aldabe*, 616 F.2d 1089, 1091 (9th Cir. 1980). In this case, however, the Clerk rejected Klemm's notice of appeal for two reasons: (1) the filing fee was paid with a postdated check, and (2) the appeal was filed by mail rather than electronically, as required by local rule.

**[3]** If the Clerk had rejected the notice of appeal solely on the ground that the notice was accompanied by a postdated check, our jurisdiction would be clear. In *Parissi v. Telechron, Inc.*, the Supreme Court held that a notice of appeal was filed within the jurisdictional time period, notwithstanding the fact that the filing fee was not paid until after the deadline to appeal had passed. 349 U.S. 46, 47 (1955) (per curiam). We reached the same conclusion in *Gee v. Tenneco, Inc.*, holding that "[w]here a notice of appeal is physically placed in the hands of the clerk's office within the prescribed time limit for filing, but the fee is not paid and filing does not take place until the limit expires, the notice may be treated as timely." 615 F.2d 857, 859 (9th Cir. 1980).

There is no principled distinction between a notice of

---

[1]The Commissioner also argues that the notice and proof of service were deficient because they were postdated to October 12, 2006. The Clerk, however, did not reject the notice on these grounds.

appeal submitted without a filing fee and a notice of appeal accompanied by a postdated check. Thus, the postdated check cannot, by itself, render the October 10, 2006, notice of appeal untimely.

**[4]** The Clerk, however, also rejected Klemm's October 10, 2006, notice of appeal because it was mailed rather than electronically filed. The Eastern District of California has adopted an electronic case filing system. The local rules provide:

> Unless excused by the Court or by the electronic filing procedures set forth in these Rules, attorneys shall file all documents electronically pursuant to those Rules. All complaints, and subsequent motions, pleadings, briefs, exhibits, and all other documents in a case shall be electronically filed except as otherwise provided by these Rules.

E.D. Cal. Local R. 5-133(a). The local rules further state when electronic filing is complete: "[A] document filed electronically shall not be considered filed for purposes of these Local Rules or the Federal Rules of Civil or Criminal Procedure until the filing counsel receives a system-generated 'Notice of Electronic Filing.' " E.D. Cal. Local R. 5-134(a).[2] Klemm did not comply with these local rules.

**[5]** Klemm's failures do not defeat our jurisdiction, however, because filing requirements dictated by local rules are not jurisdictional. *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280 (9th Cir. 1983). Local rules govern local practice, but a violation of local rules cannot divest this court of the jurisdiction afforded to it by Congress. *See Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 920 (9th Cir. 1987); *Loya*, 721 F.2d at 280-81. Thus, a notice of appeal is filed when it

---

[2]Klemm did not receive a Notice of Electronic Filing until he re-filed electronically on October 16, 2006.

is received by the clerk, notwithstanding deficiencies in form that violate local rules.

In *Cintron*, we considered whether a complaint was filed before the statute of limitations had run. The clerk received the complaint before the expiration of the statute of limitations, but rejected the complaint for three reasons: the pleading lacked a two-hole punch at the top of each page; it did not have a civil cover sheet; and it was accompanied by a ninety-nine dollar check, an amount above the required sixty dollar filing fee. *Cintron*, 813 F.2d at 920. We found the complaint timely because the deficiencies did not amount to jurisdictional bars. We explained that the first two deficiencies were only "governed by local rules" and that the filing fee requirement, while statutory, did not rise to "the level of a jurisdictional requirement." *Id.* Because the clerk received the complaint before the statute of limitations had run, it was timely filed. *Id.* at 921.

In *Loya*, we held that a complaint prepared and filed on wrong-sized paper was timely filed because it "arrived in the hands of the Clerk within the statutory period." 721 F.2d at 280. We emphasized that local rules are not jurisdictional requirements but are "merely for the convenience of the court's own record keeping." *Id.*

**[6]** Our cases are also in accord with Federal Rule of Civil Procedure 5(d)(4), which provides: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Under this rule, the Clerk was obligated to accept Klemm's notice of appeal for filing, despite Klemm's failure to comply with the local electronic filing rules.[3] In any event, the Clerk's failure for-

---

[3]This is not to say that the District Court is without power to enforce its rules. The local rules authorize sanctions for counsel's failure "to comply with these Rules." E.D. Cal. Local R. 11-110. Such sanctions, however, cannot strip this court of jurisdiction.

mally to file Klemm's notice of appeal is of no import because the paper was deemed filed when it "arrived in the hands of the Clerk within the statutory period." *Loya*, 721 F.2d at 280. Thus, Klemm's notice of appeal was timely even though it was mailed to the Clerk, rather than filed electronically, as the local rules require.

**[7]** The Commissioner's final argument on lack of appellate jurisdiction is that the combination of the postdated check and the failure to electronically file rendered the notice of appeal so deficient that it was not filed when it was received by the Clerk. We find no support for this argument. As demonstrated above, neither error standing alone can defeat our jurisdiction, and we see no reason why these errors in combination should apply with any greater force.

**[8]** Other circuits have considered a notice of appeal "filed" when received by the Clerk with deficiencies equal to or greater than Klemm's. *See Wisniewski v. Dir., OWCP, U.S. Dep't of Labor*, 929 F.2d 952, 956 (3d Cir. 1991) (holding that a petition for review was timely even though it did not include additional copies, the names and addresses of counsel for the respondent, and a docketing fee); *Long v. U.S. Dep't of the Air Force*, 751 F.2d 339, 342 (10th Cir. 1984) (accepting as timely a notice of appeal that was missing a filing fee and a certificate of service); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) (holding that a notice of appeal was timely filed where the plaintiff filed a motion to proceed *in forma pauperis* within the time required by Federal Rule of Appellate Procedure 4).

**[9]** While error-ridden, Klemm's filing was clearly a notice of appeal. There may be a case in which a filing is so deficient that it cannot fairly be considered a notice of appeal and, thus, would not be deemed filed at the moment of receipt by the clerk. This, however, is not that case. The defects in Klemm's notice of appeal could not possibly have obscured the nature of the filing.

**[10]** Because the Clerk received Klemm's notice of appeal on October 10, 2006, and that date was within sixty days of the order from which Klemm appeals, we have jurisdiction over his appeal.

III.

**[11]** The Social Security Act grants to district courts jurisdiction to review only "final decisions" of the Commissioner. 42 U.S.C. § 405(g). Because a denial of a motion to reopen is a discretionary decision, it is not final and, thus, is not generally reviewable by a district court. *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977)). The Supreme Court, however, recognized an exception to this rule in *Sanders*. The Court explained that federal subject matter jurisdiction exists "where the . . . denial of a petition to reopen is challenged on constitutional grounds." *Sanders*, 430 U.S. at 109. We understand the *Sanders* exception to " 'appl[y] to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.' " *Udd*, 245 F.3d at 1099 (quoting *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)).

**[12]** A constitutional claim is colorable if it is "not 'wholly insubstantial, immaterial, or frivolous.' " *Id.* (quoting *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy.' ") (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). A "mere allegation of a due process violation" is not a colorable constitutional claim. *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000) (citing *Hoye v. Sullivan*, 985

F.2d 990, 992 (9th Cir. 1993)). Rather, the claim must be supported by " 'facts sufficient to state a violation of substantive or procedural due process.' " *Id.* (quoting *Hoye*, 985 F.2d at 992).

**[13]** Klemm contends that the denial of his motion to reopen violated his due process rights because mental impairments prevented him from petitioning for review of his initial denial of benefits. An allegation of mental impairment can form the basis of a colorable constitutional claim if the mental impairment prevented the claimant from understanding how to contest the denial of benefits. *Udd*, 245 F.3d at 1099 (holding that the claimant "asserted a colorable constitutional claim" where the claimant averred that "he lacked the mental capacity to understand" a termination of benefits and the process for review). Additionally, in *Evans* we recognized that allegations of mental impairment as defined by Social Security Ruling ("SSR") 91-5p amount to a colorable due process claim. *Evans*, 110 F.3d at 1483. SSR 91-5p directs an ALJ to grant a motion to reopen if a claimant "lacked the mental capacity to understand the procedures for requesting review." Factors affecting a claimant's capacity to understand the procedures include: (1) "inability to read or write," (2) "lack of facility with the English language," (3) "limited education," and (4) "any mental or physical condition which limits the claimant's ability to do things for him/herself." SSR 91-5p.

**[14]** Klemm does not present a colorable due process claim because his allegation of mental impairment is completely unsupported by facts. Nothing in the record evinces a mental impairment that could have prevented Klemm from understanding the process for appeal. Klemm applied for DIB in 1996 due to pain in his back and knees, not any mental impairment. Before the ALJ, Klemm testified that at the time of the initial denial he was "depressed," but he did not allege that his depression was such that he could not understand the review process. Moreover, the record is devoid of any medical evidence of depression in late 1996. Klemm suffered from

obesity and sleep apnea during the relevant period, but he does not allege that either condition prevented him from understanding the review process.[4]

**[15]** Because Klemm presents no facts in support of his allegation of mental impairment, we find that his constitutional claim is "wholly insubstantial" and thus hold that Klemm failed to state a colorable constitutional claim. In the absence of a colorable constitutional claim, the district court lacked jurisdiction to hear Klemm's claim.

**AFFIRMED**.

---

[4]Klemm further contends that he was not physically capable of proceeding with the review process due to his obesity. In order to allege a colorable due process violation, however, Klemm must present facts to show that he lacked the capacity to *understand* the review process. *See Udd*, 245 F.3d at 1099. Klemm does not allege that his physical incapacities prevented him from understanding the review process.

While there may be a case in which the severity of a claimant's physical incapacity is such that the denial of a motion to reopen amounts to a due process violation, Klemm's allegation does not rise to that level. Klemm testified before the ALJ that at the time his initial application was denied, he could ride a bus and walk at least one-hundred feet with a cane.