MEMORANDUM **
Ammar Halloum appeals pro se from the district court’s judgment in favor of Intel Corporation following a bench trial in his employment action alleging discrimination, hostile work environment, and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s conclusions of law and review for clear error its findings of fact. Lam v. Univ. of Hawai'i, 40 F.3d 1551, 1564 (9th Cir.1994). We affirm.
The district court did not err by finding that Halloum failed to prove that Intel’s employment decisions were discriminatory or were in retaliation for his complaints of discrimination, because there is ample evidence that Intel’s decisions were based on Halloum’s work performance. See id. at 1566 (holding the district court did not err by finding an employment decision was not motivated by discrimination or retaliation where that determination is supported by the record). Similarly, the court did not eiT by concluding that Halloum failed to prove a hostile work environment because there is evidence that Intel’s employment decisions were not sufficiently severe or pervasive to alter the conditions of his employment. See Vasquez v. County of Los Angeles, 349 F.3d 634, 642-43 (9th Cir.2004) (holding that plaintiff he should consider transferring to work in the field because “Hispanies do good in the field;” yelled at him several times; and made false complaints about plaintiff).
Halloum contends he was wrongly denied a jury trial and the right to present closing arguments. The record indicates, however, that Halloum did not object or otherwise argue these issues to the district court. Accordingly, we deem them waived. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir.1998) (refusing to consider issues not presented to the district court).
Intel contends the district court lacked jurisdiction to amend its judgment on Intel’s counterclaim for $955, representing an overpayment to Halloum for relocation expenses. Intel did not file a cross-appeal, however, as required by Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), and we are therefore precluded from re *112 viewing the merits of the district court’s decision. See Whitaker v. Garcetti 486 F.3d 572, 585 (9th Cir.2007). Nonetheless, we agree with Intel that a jurisdictional defect may be raised at anytime. See, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir.1988) (“It is elementary that the subject matter jurisdiction of the district court ... may be raised at anytime by one of the parties.”).
We do not agree with Intel, however, that the district court lacked jurisdiction to amend its judgment. The district court’s failure to allow Intel to respond to Halloum’s motion before amending its judgment did not divest the court of jurisdiction. See Klemm v. Astrue, 543 F.3d 1139, 1143 (9th Cir.2008) (noting a violation of local rules cannot divest a federal court of jurisdiction afforded to it by Congress). Finally, Halloum’s filing of a notice of appeal after his motion but before the court ruled on the motion did not divest the district court of jurisdiction. See Fed. R.App. P. 4(a)(4)(B)®.
AFFIRMED.
Each party is to bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.