MEMORANDUM **
The facts and procedural posture of this case are familiar to the parties and we do not repeat them here. Robert Biegler, counsel for plaintiff Raymond Belliveau, appeals the distinct court’s award of attorney’s fees in favor of Thomson Financial. Biegler argues that the distinct court erred by employing the incorrect standard— recklessness, rather than bad faith — in determining whether attorney’s fees were appropriate under 28 U.S.C. § 1927 and by finding that his conduct was reckless.
Thomson Financial argues that this court lacks jurisdiction over this appeal because Biegler’s notice of appeal was untimely. Though the notice of appeal contained an error, it was filed within thirty days of entry of judgment, as required by Federal Rule of Appellate Procedure 4(a). See Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir.2008) (holding that an “error-ridden” notice of appeal was timely filed when received by the district coui't within the period specified in Federal Rule of Appellate Procedure 4(a) because “[t]he defects in [the] notice of appeal could not possibly have obscured the nature of the filing”). We will therefore deem it as timely filed.
Attorney’s fees under § 1927 are appropriate if an attorney’s conduct is in bad faith; recklessness satisfies this standard. B.K.B. v. Maui Police Dep’t, 276 F.3d 1091, 1107 (9th Cir.2002). The district court therefore did not err in evaluating Biegler’s conduct against a recklessness standard. Likewise, the district court did not abuse its discretion in finding that Biegler’s conduct was reckless. See Air Separation, Inc. v. Underwriters at Lloyd’s of London, 45 F.3d 288, 291 (9th Cir.1995). Biegler pursued Belliveau’s age discrimination and retaliation claims against Thomson Financial despite Belli-veau’s testimony admitting that he was not subject to any discrimination. Characterizing such conduct as reckless was not an abuse of discretion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid-eel by 9 th Cir. R. 36-3.