FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGABY YOUSSEF, | No. 11-55410 |
| Plaintiff-Appellant, | D.C. No. CV 10-00224-CJC (VBK) |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 5, 2012[**]
Pasadena, California

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and GONZALEZ, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Irma E. Gonzalez, District Judge for the U.S. District Court for Southern California, sitting by designation.

Appellant Agaby Youssef ("Appellant") appeals the District Court's dismissal of her action brought against Michael J. Astrue in his capacity as Commissioner of Social Security Administration. Appellant filed an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act in March 2000 and also sought reopening of two prior unfavorable decisions on SSI applications she had filed in 1993 and 1997. The Administrative Law Judge ultimately issued a fully favorable decision on her March 2000 application, but denied reopening of her 1993 and 1997 SSI applications. Appellant appealed the Administrative Law Judge's denial to the District Court, which dismissed her claim for a lack of subject matter jurisdiction.

Judicial review of the decisions of the Commissioner of Social Security Administration is limited to final decisions. 42 U.S.C. § 405(g); *see Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988). "A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). However, a district court has subject matter jurisdiction to review the denial of a request to reopen if the denial is challenged on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

We have recognized a due process violation where the claimant presents evidence that mental incapacity prevented her from requesting timely review of an

administrative action and she had no one legally responsible for prosecuting the claim on her behalf. *Udd*, 245 F.3d 1099-1100. We have also recognized a colorable constitutional claim where the claimant can show that mental impairment prevented her from understanding how to contest the denial of benefits. *Klemm v. Astrue*, 543 F.3d 1139, 1144-45 (9th Cir. 2008).

We find that Appellant is unable to raise a colorable constitutional claim under either standard because (1) she was assisted by a legal representative who prosecuted the 1993 and 1997 claims on her behalf and (2) she has not shown that she suffered from a mental impairment or language deficiency such that she could not understand the review process. Accordingly, the District Court properly dismissed her claim for a lack of subject matter jurisdiction. Because the District Court lacked subject matter jurisdiction, we do not reach Appellant's argument that the 1993 and 1997 SSI applications should be reopened because the Administrative Law Judges committed fraud by misunderstanding and misinterpreting legal standards.

**AFFIRMED.**