**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA HASEEB, | No.    16-15226 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-03931-LB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted May 18, 2017[**]

Before:  D.W. NELSON, TROTT, and OWENS, Circuit Judges.

Maria Haseeb appeals the district court's dismissal as untimely of her

complaint seeking review of the Commissioner of Social Security's denial of her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The complaint was late because it was filed more than sixty-five days after the Appeals Council's decision of March 26, 2015. *See* 42 U.S.C. § 405(g) (setting forth a sixty-day statute of limitations running from the date of a final decision of the Commissioner). Counting sixty days plus five days for receipt of the Appeals Council's decision, pursuant to 20 C.F.R. § 422.210(c), the complaint was due by June 1, 2015. Haseeb, however, did not file it until August 27, 2015.

Haseeb contends that the Appeals Council's decision was not a final decision because her request for an extension of time was pending, and the Appeals Council therefore retained jurisdiction, until November 19, 2015. The Appeals Council's decision whether to grant an extension of time, however, is discretionary and therefore non-final for purposes of the sixty-day deadline. *See* 42 U.S.C. § 405(g) (providing that complaint must be filed within sixty days "or within such further time as the Commissioner of Social Security may allow"); *Klemm v Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (holding that ALJ's discretionary denial of an untimely motion to reopen was not final and reviewable). The Appeals Council's August 7, 2015 denial of Haseeb's request for reconsideration also did not amount to a new final decision of the Commissioner. *See Banta v. Sullivan*, 925 F.2d 343,

2

344-45 (9th Cir. 1991) (holding that Appeals Council's denial of a request to reopen or vacate its previous decision was not a new final decision and did not restart the sixty-day period for filing a district court action).

Haseeb also has not established a colorable claim of a denial of due process. *See Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). She contends that the Appeals Council's delay in denying her request for an extension of the sixty-day time limit until a date well after the sixty days had expired prevented her from timely filing her complaint because she reasonably relied on the Appeals Council's general practice of not ruling until after the deadline but then granting such requests. These circumstances do not establish a colorable claim of the denial of a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. *See Klemm*, 543 F.3d at 1144 (holding that a due process claim is colorable if it is not wholly insubstantial, immaterial, or frivolous); *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (holding that due process requires that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied).

**AFFIRMED.**