**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE SCHIEL-LEODORO, | No. 16-35464 |
| Plaintiff-Appellant, | D.C. No. 9:14-cv-00276-DLC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted September 26, 2017[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Catherine Schiel-Leodoro appeals the district court's decision that it lacked

jurisdiction to review the administrative law judge's ("ALJ's") denial of a request

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to reopen Schiel-Leodoro's original application for Social Security benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review de novo a district court's determination that it lacks subject matter jurisdiction. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013).

The district court properly concluded that it lacked jurisdiction to review the ALJ's denial of Schiel-Leodoro's request to reopen her first benefits application. An ALJ's discretionary determination on reopening is not a final, reviewable decision under 42 U.S.C. § 405(g). *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008).[2] Such decisions are not appealable to a district court absent a colorable claim of a constitutional violation. *See id.*

Schiel-Leodoro does not allege a colorable claim of constitutional violation. Schiel-Leodoro contends her due process rights were violated because (1) she had mental impairments and no counsel when her first benefits application was denied in September 2010, (2) notice sent to her explaining the September 2010 denial was deficient, and (3) the Appeals Council improperly addressed the ALJ's denial of the request to reopen. None of these allegations presents a colorable claim. First,

[1] Schiel-Leodoro's motion for submission on the briefs is granted.

[2] Schiel-Leodoro's arguments that HALLEX I-2-9-10 and *Nicholson v. Finch*, 311 F. Supp. 614 (D. Mont. 1970), make reopening mandatory fail because neither is binding on this court.

2

Schiel-Leodoro's allegations of mental impairment do not constitute a due process violation, because she does not show any impairment "prevented [her] from understanding how to contest the denial of benefits" or met Social Security Ruling 91-5p, criteria. *Id*. at 1145. Second, although deficient notice of a benefits decision can violate due process, *see Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990), Schiel-Leodoro fails to show how notice of her denied claim was deficient. Instead, she only shows that notice is absent from the current administrative record. Third, the Appeals Council adequately explained its decision denying Schiel-Leodoro's request for review; the Council is not required to make particular evidentiary findings to justify a decision. *See Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996).

Alternatively, Schiel-Leodoro argues that the "manifest injustice" exception should apply to the ALJ's determination not to reopen her application. This misconstrues both the ALJ's decision and the "manifest injustice" exception. The ALJ here applied *res judicata* when evaluating the onset of disability date in Schiel-Leodoro's second benefits application, not Schiel-Leodoro's request to reopen her original benefits application. Thus, because *res judicata* played no role

in the ALJ's discretionary reopening decision, Schiel-Leodoro cannot invoke the "manifest injustice" exception to appeal that determination.[3]

**AFFIRMED.**

---

[3] Even if the court were to expand the "manifest injustice" exception to reopening determinations, Schiel-Leodoro would still not have a valid claim; she does not show the ALJ's decision not to reopen her original benefits application caused any manifest injustice.