**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID J CENTANNI, | No. 16-56518 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04519-FMO-RAO |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted April 16, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

David Centanni appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of Centanni's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo and will reverse only if the denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits is not supported by substantial evidence or is based on legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

Because nothing in the record supports his claims, Centanni fails to present a colorable constitutional claim of a due process violation. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008).

The Administrative Law Judge (ALJ) properly concluded that additional impairments were not severe at step two because the medical evidence established that the impairments had no more than a minimal effect on Centanni's ability to work. *See Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The ALJ did not err by failing to consider pain and fatigue as impairments at step two. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (explaining that symptoms alone do not constitute impairments). Regardless of her conclusions at step two, the ALJ properly included evidence related to all of Centanni's impairments and symptoms in assessing Centanni's Residual Functional Capacity (RFC). *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Substantial evidence supports the ALJ's evaluation of the medical record, and the ALJ properly included in the RFC all limitations that were supported by and consistent with substantial evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The ALJ did not err by failing to consider additional medical records that post-date the relevant time period. *See*

*Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (noting that the ALJ is not required to discuss records that are neither significant nor probative).

The ALJ properly concluded that Centanni's testimony was not entirely credible regarding the intensity of his symptoms based on clear and convincing reasons supported by substantial evidence. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ properly rejected Centanni's allegations of disabling ankle, knee, and back pain based on inconsistency with the objective medical evidence showing largely unremarkable physical examinations. *See Molina*, 674 F.3d at 1113 (reasoning that the ALJ properly rejected claimant testimony based on inconsistency with the objective medical evidence). Second, the ALJ properly rejected Centanni's testimony based on an unexplained failure to seek any treatment except for a brief period in 2010. *See Molina*, 674 F.3d at 1113 (explaining that the ALJ may properly discredit claimant testimony based on an unexplained or inadequately explained failure to seek treatment). Third, the ALJ properly rejected Centanni's testimony based on his conservative and noninvasive treatment, including refusals of analgesics, a steroid injection, an ankle brace, and ankle surgery. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (including conservative treatment in reasons the ALJ properly rejected claimant testimony). The ALJ failed adequately to explain how additional reasons were inconsistent with Centanni's testimony. *See Brown-Hunter*, 806 F.3d at 494

16-56518

(requiring the ALJ adequately to link evidence to the specific testimony it discredits). Any error in relying on these additional reasons was harmless. *See Molina*, 674 F.3d at 1115 (concluding that error is harmless when it is inconsequential to the ultimate nondisability determination).

The ALJ properly relied on the Vocational Expert's (VE) testimony, and substantial evidence supports the ALJ's conclusion that Centanni could perform his past relevant work. The Commissioner concedes that the ALJ erred by concluding that Centanni actually performed his past relevant work as an irrigation system installer at the medium exertion level, but any error was harmless because the ALJ properly relied on the VE's testimony that the irrigation system installer position generally is performed at the medium exertion level. *See Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (explaining that the ALJ may properly rely on a claimant's ability to perform past relevant work either as generally or as actually performed). Centanni waived any challenge to the version of the Dictionary of Occupational Titles used, *see Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (explaining that issues not raised before the district court are waived), but even if we considered the issue on the merits, Centanni fails to show any error.

We reject Centanni's additional contentions because none is supported by the record.

**AFFIRMED.**