**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNNETTE E. GREEN, | No. 15-35694 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01487-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted April 19, 2018[**]

Before:     THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Lynnette Green appeals the district court's decision affirming the

Commissioner of Social Security's denial of Green's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015), and we affirm.

We cannot review the ALJ's determination that the relevant period for this application began on June 19, 2009, because the ALJ decided not to reopen Green's previous disability denial. *See Klemm v. Astrue*, 543 F.3d 1139, 1144-45 (9th Cir. 2008) (concluding that we cannot review the ALJ's decision not to open a prior disability denial unless there is a colorable constitutional claim of a due process violation). Green does not argue in her opening brief that we have jurisdiction to consider the ALJ's refusal to reopen her prior claim because it raises a colorable constitutional claim of denial of due process. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (explaining that we will not address issues that are not specifically raised in the opening brief). The ALJ was not required to discuss earlier evidence that was not probative of Green's condition during the relevant period for this application. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (explaining that the ALJ does not need to discuss evidence that is neither significant nor probative).

The ALJ provided several specific and legitimate reasons to reject the opinion of treating physician Dr. Sargent, including that the opinion predated the relevant period, that Green's activities were inconsistent with the opinion, and that

a gap in treatment was inconsistent with the alleged severity of Green's limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (including frequency of examination and inconsistency with claimant's activities in the factors that the ALJ may consider in weighing a treating physician's opinion); *Carmickle*, 533 F.3d at 1165 (concluding that medical opinions that predate the relevant period are of limited relevance). Any error in relying on additional reasons was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (explaining that error is harmless if it is inconsequential to the ultimate nondisability determination).

The ALJ properly rejected Dr. Herman's opinion based on specific and legitimate reasons, including lack of clinical support for Dr. Herman's opinion prior to March 2011, inconsistency with the treatment record, and inconsistency with Green's activities. *See Ghanim*, 763 F.3d at 1161-62 (inconsistency with the treatment record and with claimant's activities); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (inadequate support from clinical findings). Any error in relying on additional reasons is harmless. *See Molina*, 674 F.3d at 1115.

The ALJ provided germane reasons to reject the opinion of Physician's Assistant Ms. Ellis, including inconsistency with Green's activities and inconsistency with Green's own testimony regarding her pain levels. *See*

*Carmickle*, 533 F.3d at 1164 (inconsistency with claimant's activities is a germane reason to reject lay testimony); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (inconsistency with the claimant's own testimony is a germane reason to reject lay testimony).

The ALJ properly rejected Dr. Moore's opinion based on specific and legitimate reasons, including inconsistency with Dr. Moore's own clinical findings and inconsistency with the treatment record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (concluding that the ALJ properly rejected a treating physician's opinion based on inconsistencies with the medical record and inconsistencies with the treating physician's own treatment notes). Any error in relying on additional reasons is harmless. *See Molina*, 674 F.3d at 1115.

The ALJ provided specific and legitimate reasons to reject Dr. Washburn's opinion, including inconsistency with Dr. Washburn's own mental status examination findings, inconsistency with Green's activities, and inconsistency with other evidence in the medical record. *See Ghanim*, 763 F.3d at 1162 (inconsistency with the claimant's activities and other evidence in the record); *Tommasetti*, 533 F.3d at 1041 (inconsistency between a physician's opinion and treatment notes).

The ALJ properly rejected Ms. Falsetto's opinion as inconsistent with the medical record. *See Molina*, 674 F.3d at 1112 (concluding that inconsistency with

other medical records is a germane reason to reject the opinion of a non-acceptable medical source).

Green waived the issue of whether the ALJ erred by concluding that her carpal tunnel syndrome was non-severe based on Dr. Riel's opinion by failing to raise it before the district court. *Ghanim*, 763 F.3d at 1160 (concluding that the claimant waived an issue by failing to raise it before the district court).

The ALJ properly incorporated all relevant limitations from Dr. Gaffield and Dr. Pepka's opinions into the residual functional capacity (RFC). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (concluding that the ALJ does not err in assessing the RFC when the ALJ reasonably includes all limitations supported by the medical record).

Substantial evidence supports the ALJ's review of the opinions of Dr. Choi and Dr. Fligstein. *See Tommasetti*, 533 F.3d at 1041 (explaining that "the ALJ is the final arbiter with respect to resolving ambiguities" in the medical record).

The ALJ properly discredited Green's testimony based on clear and convincing reasons supported by substantial evidence. Green's testimony was inconsistent with the objective medical evidence, Green's testimony was inconsistent with her daily activities, and the alleged severity of Green's symptoms was inconsistent with conservative and routine treatment. *See Tommasetti*, 533 F.3d at 1039-40 (concluding that the ALJ properly discredited claimant testimony

5                                                                    15-35694

based on inconsistencies with the objective medical evidence and a conservative treatment record); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (explaining that the ALJ properly rejected claimant testimony based on inconsistencies with the claimant's activities). The ALJ did not err by failing to make findings regarding transferability of Green's activities to work. *See Orn*, 495 F.3d at 639 (explaining that the ALJ can properly discredit claimant testimony either because the claimant's activities are inconsistent with the claimant's other testimony or because the activities show skills that are transferrable to work). Any error in relying on additional reasons is harmless. *See Bray*, 554 F.3d at 1227 (concluding that the ALJ's error in relying on invalid reasons to discredit claimant testimony was harmless because the ALJ also provided other clear and convincing reasons to discredit claimant testimony).

The ALJ properly include all limitations supported by substantial evidence in the RFC and the hypothetical posed to the vocational expert, and Green fails to raise any additional issue by restating her arguments regarding the ALJ's assessment of the medical record. *Stubbs-Danielson*, 539 F.3d at 1175-76.

**AFFIRMED.**

15-35694