**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN GILBERT DALKA,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Respondent-Appellee.

No.    20-36043

D.C. No. 2:19-cv-00150-CWD

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted November 19, 2021
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Petitioner Brian Dalka appeals the district court's judgment affirming an

Administrative Law Judge's ("ALJ") denial of his application for disability

benefits.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand

for further proceedings.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

On October 14, 2016, an ALJ denied Dalka's first application for disability benefits. Dalka did not appeal. Thus, under *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988),[1] the ALJ's findings became final and binding. Dalka re-applied for benefits, alleging disability beginning October 15, 2016. A second ALJ found that a new listing for Post-Traumatic Stress Disorder ("PTSD") severity at step three, Listing 12.15, constituted a changed circumstance under *Chavez* but that Dalka's impairments did not exceed Listing 12.15's requirements.[2] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.15 (2017). As no other changed circumstances existed, the ALJ adopted the remainder of the first ALJ's findings and found Dalka not disabled. Dalka then sought judicial review in the District of Idaho. The district court granted summary judgment to the Commissioner.

Under Listing 12.15, a claimant can demonstrate disabling PTSD at step three by presenting evidence of a traumatic incident and extreme limitation in one area or marked limitation in two of four areas of mental functioning. § 12.15(B). Two of those areas—interacting with others and concentrating, persisting, or

---

[1] "[A] claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Id.* (citations omitted).

[2] Dalka contends that the second ALJ "reopened" the first ALJ's decision. An ALJ may reopen a case on a claimant's motion, *Klemm v. Astrue*, 543 F.3d 1139, 1141 (9th Cir. 2008), or where "an ALJ later considers 'on the merits' whether the claimant was disabled during an already-adjudicated period," *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). Neither of these circumstances applies.

maintaining pace—are similar to criteria in the former listings.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(B) (2016).  The ALJ did not err in finding, like the previous ALJ, that Dalka was moderately limited in interacting and mildly limited in concentration and persistence.  Listing 12.15, however, includes two new areas of mental functioning: understanding, remembering, or applying information and adapting and managing oneself.  The ALJ found that Dalka had mild limitations in each area and was thus not disabled.

The ALJ legally erred in making these new findings in two ways.

First, the ALJ failed to properly credit Dr. Patterson's reports that Dalka's PTSD symptoms were the *same* in 2017 as they had been in early 2016.  Dr. Patterson reported that Dalka had a baseline level of PTSD symptoms that began before and persisted throughout the relevant time period.  Dr. Patterson's notes themselves do not contain descriptions of this baseline level of PTSD symptoms; thus, in order to consider *Dr. Patterson's reports* that Dalka's PTSD remained unchanged, one must look to 2016 reports by Drs. Jones and Parry to understand that baseline.  The ALJ did note that Dalka's "chronic" symptoms were "stable," but failed to discuss the reports describing those chronic symptoms.  The ALJ's finding that "chronic" symptoms are "stable" does not suggest non-disability if

those symptoms are incapacitating.[3]  The applicable regulation, 20 C.F.R. §

404.1520c(b) (2017), required the ALJ to articulate on the record how persuasive

those reports were.  His failure to do so is legal error.

Second, the ALJ failed to credit Dalka's testimony.  Where an ALJ

"determines that a claimant for Social Security benefits is not malingering and has

provided objective medical evidence of an underlying impairment which might

reasonably produce the pain or other symptoms she alleges, the ALJ may reject the

claimant's testimony about the severity of those symptoms only by providing

specific, clear, and convincing reasons for doing so."  *Brown-Hunter v. Colvin*, 806

F.3d 487, 488–89 (9th Cir. 2015).  The ALJ must "specifically identify the

testimony from a claimant she or he finds not to be credible and explain what

evidence undermines that testimony."  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

Cir. 2020) (alterations omitted) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1102 (9th Cir. 2014)).

---

[3] These reports could well have changed the ALJ's determination.  Dr. Karen Jones examined Dalka for PTSD on January 21, 2016, finding that "[Dalka] is currently exhibiting total social and occupational impairment attributable to PTSD . . . His inability to discern reality at times, significant impulse control problems, and market suicidality do not portend successful independent functioning at this time." Dr. Richard Parry examined Dalka for a traumatic brain injury and PTSD in September of 2016 and found that Dalka was "markedly limited" in his abilities to "understand and remember detailed instructions."

In his Function Report, Dalka stated that he does not follow written or spoken instructions well and has trouble with his memory, understanding, and ability to complete tasks. He testified that talking to his therapist Talia Torrano exacerbates his PTSD. The ALJ discounted the Function Report because Dalka "refused to share his 'internal struggles'" with Torrano—without addressing Dalka's statement that sharing with Torrano exacerbates his PTSD. Nor did the ALJ explain why he rejected Dalka's testimony that he drives into oncoming traffic *three or four times a week*.[4] The ALJ's failure to do so is legal error.

Had the ALJ properly credited Dalka's testimony and Dr. Patterson's reports that Dalka's PTSD symptoms, as described by Drs. Jones and Parry, did not improve, the ALJ might well have found that Dalka exhibited marked limitations in understanding, remembering, or applying information and adapting and managing oneself. Because the ALJ ignored pertinent records and Dalka's own testimony, his findings are a result of legal error. We reverse and remand for the agency to properly consider the record at step three. We therefore need not reach Dalka's remaining arguments.

**REVERSED AND REMANDED.**

---

[4] Adapting and managing oneself includes "being aware of normal hazards and taking appropriate precautions."

5