FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN M. MCCLAIN, | No.    20-35662 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01422-JRC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted February 21, 2023[**]

Before:      D. NELSON, SILVERMAN, and GRABER, Circuit Judges.

Jonathan M. McClain appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of his application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v.*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

McClain's contentions concerning the termination of his prior award of benefits are not properly before us, because where he did not timely challenge the Commissioner's earlier decision and does not raise a colorable claim of a due process violation. *See* 42 U.S.C. § 405(g); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008).

The Administrative Law Judge ("ALJ") did not ignore evidence or otherwise err in evaluating the medical record. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (we must uphold the ALJ's rational interpretation of the evidence); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (an ALJ meets the substantial evidence standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings").

The ALJ did not err by failing to develop the record, because the record was not ambiguous or "inadequate to allow for proper evaluation of the evidence." *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The ALJ did not err at step three. The ALJ considered the effect of obesity on McClain's impairments, and McClain did not make any argument concerning the combined effects of his impairments. *See Ford*, 950 F.3d at 1157 ("[A]n ALJ is not required to discuss the combined effects of a claimant's impairments or

compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.").

The ALJ provided specific and legitimate reasons to discount the opinions of treating physician Roland Feltner as inconsistent with his own treatment notes and recommendations, and as inconsistent with the opinion testimony of medical expert Steven Goldstein. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040–41 (9th Cir. 2008) ("incongruity" between physician's opinion and his treatment notes was a specific and legitimate reason to discount the opinion); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (discounting opinion where treatment notes did not include "the sort of description and recommendations one would expect to accompany a finding" of disability); *Tonapetyan*, 242 F.3d at 1149 (a non-examining medical expert's opinion "may constitute substantial evidence when it is consistent with other independent evidence in the record").

The ALJ did not err in formulating the residual functional capacity ("RFC"), and substantial evidence supports the ALJ's RFC formulation. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (we will affirm the ALJ's RFC determination where the ALJ "applied the proper legal standard and [her] decision is supported by substantial evidence").

The ALJ proffered specific, clear, and convincing reasons to discount McClain's symptom testimony as inconsistent with and unsupported by the

20-35662

medical record. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (ALJ may reject a claimant's subjective testimony as inconsistent with the medical record); *Burch v. Barnhardt*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of corroborating evidence as one factor in the credibility determination). Any error in the ALJ's additional reasons was harmless. *See Ford*, 950 F.3d at 1154 (error is harmless where it is inconsequential to the ultimate nondisability determination). Because the ALJ provided specific, clear, and convincing reasons to discount McClain's testimony, the ALJ did not err in rejecting the similar lay witness evidence relying on the same reasons. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

We reject McClain's contention that the ALJ erred by failing to appoint counsel, because the ALJ met her duty of notifying McClain of options for obtaining an attorney. *See* 42 U.S.C. § 406(c).

Any error in the date of McClain's hearing on remand was harmless. *See McLeod v. Astrue*, 640 F.3d 881, 887-88 (9th Cir. 2011) ("[T]he party seeking reversal must explain how the error caused harm.").

**AFFIRMED.**