NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN JOSEPH DRISCOLL, | No.    20-16025 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-08341-JJT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted July 31, 2023**

Before:     D. NELSON, BERZON, and CLIFTON, Circuit Judges.

Brian Joseph Driscoll appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's decision de novo and may reverse only if the Administrative Law Judge ("ALJ")'s decision is not supported by substantial evidence or is based in legal error. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We affirm.

1.      The ALJ proffered specific, clear, and convincing reasons to discount Driscoll's symptom testimony as unsupported by and inconsistent with the medical record, inconsistent with his driving activities, inconsistent with the ALJ's observations, inconsistent with his failure to undergo neuropsychological testing when it was suggested by Dr. Barry Strasnick, and based on inconsistent symptom reports. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (holding that an ALJ may reject a claimant's subjective testimony if it contradicts the medical record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (affirming that inconsistent symptom reporting and an unexplained failure to follow through with prescribed treatment were clear and convincing reasons to discount testimony); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ruling that an ALJ may discount a claimant's symptom testimony based on activities that contradict the claimant's allegations and may rely on personal observations as part of the overall credibility evaluation). Any errors in the ALJ's additional reasons for discrediting Driscoll's testimony were harmless. *See Ford v. Saul*, 950 F.3d 1141, 1157 (9th Cir. 2020) (holding that error is harmless where it

is inconsequential to the ultimate nondisability determination).

2.	The ALJ did not ignore evidence, fail to address impairments, or otherwise err in evaluating the medical record. *See Tommasetti*, 533 F.3d at 1038 (holding that this court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence" (citation and internal quotation marks omitted)); *see also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (concluding that an ALJ meets the substantial evidence standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings" (citation and internal quotation marks omitted)); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ does not need to discuss every piece of evidence." (citation and internal quotation marks omitted)).

3.	The ALJ provided specific and legitimate reasons to discount the opinions of treating physicians Dr. Michael Rogers and Dr. Christopher Trent and the opinions of the nonexamining medical advisors as lacking support from the objective medical record, inadequate for determining Driscoll's specific limitations, and inconsistent with Driscoll's reported driving activity. *See Ford*, 950 F.3d at 1154–55 (holding that an ALJ may reject opinions that are "inadequately supported by clinical findings" or that are inconsistent with the claimant's activity level). Furthermore, the ALJ provided specific and legitimate reasons to discount Dr.

Rogers' opinions by relying in part on the contradiction between Dr. Rogers' account of Driscoll's driving activity and the evidence in the record concerning that activity, *see Tommasetti*, 533 F.3d at 1041 (determining that an ALJ may reject a medical opinion that is based on the claimant's inaccurate reports), as well as the fact that Dr. Rogers addressed an issue reserved to the Commissioner, *see* 20 C.F.R. § 404.1527(d) (stating a doctor's opinion on the ultimate issue of disability is not entitled to "any special significance"). The ALJ provided an additional specific and legitimate reason to discount Dr. Trent's opinion, as it contained only a generalized assessment of Driscoll's condition. *See Ford*, 950 F.3d at 1155 (holding that an ALJ may discount a medical opinion for lacking explanation). Moreover, contrary to Driscoll's claims, the ALJ did mention the "Best Doctors" reports, which were not proper medical opinions as they did not provide an actual diagnosis or assessment of Driscoll's physical or mental limitations, but rather suggested further diagnostic steps. *See* 20 C.F.R. § 404.1527(a)(1) (defining medical opinions). Therefore, Driscoll's contentions that the ALJ failed to consider medical opinions or otherwise erred in evaluating the medical opinion evidence are unsubstantiated.

4.      Substantial evidence supports the ALJ's finding, at step two, that Driscoll's mental impairments were not severe. *See Tommasetti*, 533 F.3d at 1038.

5.      The ALJ did not err in formulating the residual functional capacity ("RFC"),

and substantial evidence supports the ALJ's RFC formulation. *See Howard ex rel. Wolff*, 341 F.3d at 1012 (ruling that the ALJ is responsible for "interpret[ing] the medical evidence"); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.") (citing 20 C.F.R. § 404.1545).

6.     Driscoll fails to raise a colorable due process claim, where he does not show that the alleged mailing errors, delays, and consideration of former counsel's brief disadvantaged his claim. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (holding that an error must be material for a claimant to state a colorable constitutional claim). Driscoll also fails to raise a colorable claim of ALJ bias. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1215–16 (9th Cir. 2005) (setting forth the standard for bias and holding bias was not established where the ALJ provided "detailed and reasoned written grounds for ruling").

**AFFIRMED.**